Robinson, J.
 

 The facts upon which this case was tried are that on the 12th day of March, 1923, one Petrie contracted with the county commissioners of Jackson county, Ohio, for the construction of a certain county road improvement. The plaintiff in error, the Southern Surety Company, became surety upon the bond of Petrie. During the course of construction, Petrie bought, and used in the construction of the road, certain material from the defendant in error, the Standard Slag Company, for which he did not pay. The defendant in error brought an action against Petrie and the plaintiff in error. Petrie confessed judgment. Petrie was insolvent, and the case proceeded to trial against the plaintiff in error. The plaintiff in error, by answer, pleaded the statute of limitations of Section 2365-3, General Code, that the
 
 *514
 
 action was not commenced within one year from the date of the acceptance of the improvement. The defendant in error by reply denied that the provisions of Section 2365-3, General Code, applied, inasmuch as the contract upon which the action was based was one for the construction of a county road, and that the bond provisions contained in Section 6947, General Code, alone applied.
 

 Section 2365-1, General Code, provides that. “when public buildings or other public works or improvements are about to be constructed, erected, altered or repaired under contract, at the expense of the state, or any county, city, village, township or school district thereof, it shall be the duty of the board, officer or agent, contracting on behalf of the state, county, city, village, township, or school district, to require the usual bond as provided for in statute with good and sufficient sureties, with an additional obligation for the payment by the contractor, and by all subcontractors, for all labor performed or materials furnished in the construction, erection, alteration or repair of such building, works or improvements.”
 

 Section 2365-2, General Code, provides in part:
 

 “Such bond shall be executed * * * in an amount equal to at least fifty per cent. (50%) of the contract price,” conditioned as provided in Section 2365-1.
 

 Section 2365-3 provides in part:
 

 “No suit shall be brought against said sureties on said bond until after sixty days after the furnishing of said statement. If said indebtedness shall not be paid in full at the expiration of said sixty days, said person, firm or corporation may
 
 *515
 
 bring an action in his own name upon such bond, as provided in Sections 11242 and 11243 of the General Code, said action to be commenced not later than one year from the date of acceptance of said building, work or improvement.”
 

 Section 2365-4, General Code, provides that the bond shall be substantially in the form therein set out, and provides that any claimant thereunder shall be subject to the conditions and provisions of the act to the same extent as if the conditions and provisions were fully incorporated in the bond.
 

 Section 6947, General Code, provides as follows:
 

 “Before entering into a contract, the county commissioners shall require a bond payable to the state of Ohio, for the use of the said county in a sum equal to one-half of the estimated cost of the work with good and sufficient sureties or with a surety company authorized to do business in the state of Ohio, conditioned on the faithful performance of the work in accordance with the plans and specifications. Such bond shall also indemnify the county against the damages that may be suffered by failure to perform such contract according to the provisions thereof and in accordance with the specifications for said improvement. Nothing herein contained shall be held to prevent the payment out of any estimate or estimates that may be due, upon the assignment by the contractor to any person who has furnished material for the work, or performed labor thereon, of the amount due for such material or labor.”
 

 It will be noted that this section contains no limitation of time within which actions may be commenced.
 

 
 *516
 
 The sole question in this case is whether the Legislature, in the enactment of the following language in Section 2365-1, General Code, “when public buildings or other public works or improvements,” used the words “public buildings” as a qualification or limitation of the words, “or other public works or improvements.”
 

 Sections 2365-1, 2365-2, 2365-3, and 2365-4 were enacted as original legislation March 21, 1917 (107 Ohio Laws, 642), and constituted the whole of Senate Bill No. 39 then under consideration. The bill was entitled, “An act to protect persons performing labor and furnishing materials for the construction and repair of public works.” The bill as enacted was numbered Sections 1, 2, 3, and 4, without General Code numbers, and contained no reference to the General Code by title, division, chapter, or section, except that in Section 3 it authorized any person to whom any money should be due, on account of having performed labor or furnished material, to bring an action in his own name as provided in Sections 11242 and 11243, General Code. Those sections are found in Title IY, Division 2, Chapter 2, Part Third, “Parties to Actions,” and are general provisions not significant to the determination of the question here.
 

 The Attorney General, under favor of Section 342-1, General Code, gave to Sections 1, 2, 3, and 4 of the act their present General Code numbers, 2365-1, 2365-2, 2365-3 and 2365-4. Under this numbering this act appears in the General Code in Title IX, Chapter 1, Part First, “Building Regulations,” the section numbers appearing in that title and chapter being Nos. 2314 to 2366, inclusive. Whether
 
 *517
 
 the Attorney General gave these numbers to the several sections of the act because he believed that the act applied only to buildings, or whether he gave the act these numbers as a mere matter of routine, is not significant, since the power conferred upon him by the Legislature to number does not attempt to confer upon him any power to legislate, and could not if it did so attempt.
 

 The intention of the Legislature must be gathered from the act of the Legislature itself, construed in the light of other legislation and the purpose sought to be accomplished by the act and other legislation. The Legislature in its title to the act said the act was
 
 “to
 
 protect persons performing labor and furnishing materials for the construction and repair of public works.” “Public works” is defined in 32 Cyc., 1257: “All fixed works contracted for public use.”
 
 Ellis
 
 v.
 
 Common Council of Grand Rapids,
 
 123 Mich., 567, 82 N. W., 244;
 
 Winters
 
 v.
 
 Duluth,
 
 82 Minn., 127, 84 N. W., 788.
 

 We do not deem the fact that the Legislature enacted Sections 2365-1, 2365-2, 2365-3, and 2365-4, and Section 6947, on successive days as controlling, in view of the fact that they are not in irreconcilable conflict, and in view of the well-known fact that a considerable portion of the labors of the various courts is devoted to the reconciliation of the seeming inconsistencies, not only of different acts, but of different portions of the same act. In such situation it is the duty of the court to first endeavor to so construe the inconsistent acts or portions of the same act as to give vitality to both or all. In endeavoring to reconcile the provisions of these two acts, we find no inconsistency except in
 
 *518
 
 the provisions with reference to the amount of the bond. In Section 2365-2 it is provided that the bond shall be “in an amount equal to at least fifty per cent. (50%) of the contract price,” and in Section 6947 it is provided that the bond shall be “in a sum equal to one-half of the estimated cost of the work.” Since it is not requisite that the bidder bid as high as the estimated cost, it is contended that the two sections provide for a different amount for which the bidder shall give bond. It will be observed, however, that Section 2365-2, General Code, provides that the bond shall be in a sum
 
 at least
 
 equal to 50 per cent, of the contract price, and contains no inhibition against the contractor giving a bond equal to one-half of the estimated cost of the work.
 

 It is not unusual in legislation for the Legislature to provide minimums and máximums. Compliance with these separate provisions of these two sections is in no way impossible of performance by the contractor. Reading and construing the two sections together, compliance with Section 6947 by giving a bond in a sum equal to one-half the estimated cost of the work is always compliance with Section 2365-2, which, under varying circumstances, may or may not be less than the requirement of Section 6947, General Code, but never in excess thereof.
 

 Finding no irreconcilable conflict between the two sections, it seems to this court that the construction of the words, “public works or improvements,” in Section 2365-1, as meaning only public buildings, would be to adopt a strained, unnatural, and unusual construction rather than to follow the
 
 *519
 
 long-recognized canon of construction that, unless a contrary intention of the Legislature clearly appears, the words and phrases used by the Legislature in all legislation will be construed in their usual, ordinary meaning. Had the Legislature intended to confine the provisions of Section 2365-1 to public buildings, there was no occasion for the use of the words, “or other public works or improvements,” at all. It is not within the province of a court, in construing a statute, to refuse to give to the words used by the Legislature their ordinary, well-understood meaning unless such construction becomes necessary to effectuate the intention of the Legislature. There is nothing in this legislation or in the legislation of Section 6947 which leads this court to believe that it was the intention of the Legislature to limit or qualify the ordinary, well-understood meaning of the words, “public works or improvements.” If the argument of counsel that the location of the Act of March 21, 1917, under the head “Building Regulations” is effective to make the legislation applicable only to public buildings, then it was within the power of the Attorney General to make the act applicable or inapplicable to various public improvements by the process of assigning to it numbers which would or would not locate it in or out of their particular chapter; and to make it apply to all public improvements he would have been obliged to place it under each of the various titles and chapters relating to the various kinds and characters of public works and improvements, or to have placed it under a separate chapter, or under “General Provisions.” We are not commending the selection by the At
 
 *520
 
 torney General of the place where this act appears, and are of opinion that it might well have been placed elsewhere.
 

 Finding no irreconcilable conflict between the two acts, no controlling significance in the fact that they were originally passed at the same session of the Legislature, at or near the same time, that the position assigned to Sections 2365-1, 2365-2, 2365-3, and 2365-4 by the Attorney General is not effective to either limit or enlarge their legislative scope, and that the plain, ordinary meaning of the words, “public buildings or other public works or improvements,” in connection with the words immediately following them in Section 2365-1, comprehends all public works and improvements, constructed, altered, or repaired under contract, at the expense of the state, or any county, city, village, township, or school district of the state, we are constrained to hold that both the courts below were in error, and to reverse the judgments of those courts and enter the judgment here that those courts should have entered.
 

 Judgment reversed.
 

 Marshall, C. J., Allen and Matthias, JJ., concur.
 

 Jones, J., not participating.