**STATE ex MATTHEWS, a taxpayer v ZANGERLE, Auditor et, etc**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13464.   Decided July 21, 1933

George C. Hansen, Cleveland, for plaintiff.

Locher, Green & Woods, Cleveland, for defendants.

Myers, Dinsmore & Whittemore, Akron, Amicus Curiae.

FARR, J, (7th Dist) and FUNK and STEVENS, JJ, (9th Dist) sitting.

**OPINION**

PER CURIAM

The pleadings raise the following questions:

1. (a) Were the provisions of §2976-10i, GC, repealed by necessary implication, by

reason of the enactment of the Uniform Tax Levy law in 1927? and (b) If not, are said provisions invalid because they do not definitely specify the number of years for which a given levy may be voted?

2. Do the provisions of §2976-10i, GC, permit overlapping levies, i.e., a second levy voted to be placed on the duplicate before the expiration of the prior voted levy?

3. Is a formally called and attended joint session of both budget commissions of the counties comprising said park district, necessary, before an unvoted levy can be placed upon the tax duplicate?

4. Is the park district legislation constitutional?

With reference to the first contention of plaintiff, subdivision (a), a careful reading of §2976-10i, GC, and of the provisions of §§ 5625-15, -17 and -18 GC, impels us to the conclusion that in drafting the Uniform Tax Levy law, the legislature meant exactly what it said in §5625-1, GC, when it defined the terms used in said act. No mention is made of park districts in the provisions of paragraphs (a) and (c) of said §5625-1, GC, which expressly designate the taxing units to which the terms "subdivision" and "taxing authority" shall apply. However, metropolitan park districts are mentioned in paragraph (i) of said section as "taxing units." It is therefore clear that it was not intended to include park districts within the meaning of the terms "subdivision" or "taxing authority," and that there is therefore no conflict between the two enactments. Moreover, repeals by implication are not favored unless the statutes involved cannot be reconciled by any other interpretation.

(b) We are unable to find any authority and none has been cited, wherein a state policy as to the duration of tax levies is enunciated. The general rule is that the legislature is vested with exclusive discretion in the details of taxation, except as restricted by constitutional provisions, and in the absence of an express limitation as to the duration of a specific levy, there is no state policy as to the time limit thereof. We accordingly hold this contention of the plaintiff to be without merit.

2. Plaintiff's second contention requires only a careful reading of §2976-10i, GC, to demonstrate the fallacy of said contention.

Said section reads: "* * * provided that the rate submitted to the electors at any one time shall not exceed one-tenth of one mill annually upon each dollar of valuation. * * *"

There is no provision in said section precluding the making of a second levy, after approval by the electors, the inhibition being only that the rate submitted at any one time shall not exceed 1/10 mill annually upon each dollar of valuation.

We hold that each year the park board properly may submit to the electors, for their approval, irrespective of pre-existing levies, such further levies as in their opinion the needs of the district require; provided, however, that if anticipatory bonds are issued and sold in anticipation of the collection of said levy or levies, the total of such bonds issued and outstanding shall not exceed one per cent of the total tax valuation in such district.

3. The third contention of plaintiff has to do with the construction to be placed upon the provisions of §5626, GC. Said section provides in part as follows:

"Whenever a taxing district is located in two or more counties, the budget commission of the counties in which such district is located shall meet in joint session at the call of the chairman of the commission of the county wherein the greatest amount in value of taxable property in such taxing district is located, and adjust the rates of taxation for the purpose of such district so as to enforce the limitations on the tax rate prescribed by law and to produce uniform rates throughout the districts. * * *"

The evidence discloses that originally no formal joint session of the budget commissions of Cuyahoga and Medina counties was called by the chairman of the budget commission of Cuyahoga County, nor was said formal joint session held; however, telephonic discussion between the members of said commissions was had, the amount of the levy agreed upon by said members, and the amount so agreed upon was certified within the time prescribed by law. Thereafter, a formal joint session was called and held, at which all members of said commissions were present, and the former agreement and certification ratified by the joint action of said commissions in formal session assembled.

It is contended by plaintiff that such a procedure is not in conformity with the provisions of §5626, GC, that the provisions of said section with reference to the calling

and holding of joint sessions are mandatory, and that the action as heretofore outlined of said budget commission is void.

With that contention this court cannot agree.

The purpose of the holding of said joint session was to effect an adjustment of the rate "for the purpose of such district so as to enforce the limitations on the tax rate prescribed by law and to produce uniform rates throughout the districts."

There can be no question but that the tax rate fixed by said budget commission under said hereinbefore described procedure, was within the limitations prescribed by law and was uniform throughout the district; so that, through the actions of said budget commissions, the purpose and intent of said section was fully subserved.

In the opinion of this court, the provisions of said §5626, GC with reference to the holding of said joint sessions, are directory merely and not mandatory, and said budget commissions have substantially enough complied with the provisions thereof, to bring their actions within the purview of said statute.

The following decisions are of interest in this phase of the case:

Stein v Cincinnati, 9 O.D., 45, and cases therein quoted from and commented upon.

State ex v Eggers, 31 Oh Ap 131.

State ex v Edmondson, 89 Oh St 93.

State ex v Harris, 17 Oh St 608.

4. Upon this contention of plaintiff, the Supreme Courts of Ohio and of the United States have passed upon the question of the constitutionality of the park district legislation so many times that it is not believed this claim is seriously urged.

Snyder v Board of Park Commrs. of Cleveland Metropolitan Park Dist., 125 Oh St 336.

State ex Bryant v Akron Metropolitan Park Dist., and State ex Wadsworth v Zangerle et, 120 Oh St 464, affirmed in 281 U. S. 74.

Shook et v Mahoning Valley Sanitary Dist., 120 Oh St 449.

McNab v Board of Park Commrs., etc., 108 Oh St 497.

The petition of the plaintiff is dismissed, at the costs of the relator, and exceptions may be noted.

FARR, FUNK, and STEVENS, JJ, concur in judgment.