Turnee, J.
 

 The only question briefed or argued by either side is what effect is to be given Section 5548-2, General Code, and, if applicable, what is meant by the phrase, “additional levies for specific purposes,” as used in such statute.
 

 We proceed with the decision of this case by assuming, without deciding, that appellants had no administrative remedy. The petition contains the allegation:
 

 “Plaintiffs say they have no adequate remedy through any administrative proceeding for the matters and things herein complained of.” This has not been challenged in brief or argument.
 

 The trial court’s journal entry contains the following paragraph:
 

 
 *70
 
 “The court further finds that there is no issue of fact in this action but that it presents only the issue as to the proper construction of General Code Section 5548-2 and its application to the facts set up in the petition and answer.”
 

 In the course of the opinion of the Court of Appeals it is said:
 

 “There is presented for determination by this court only one question:
 
 vis.,
 
 Was the levy in question for a specific purpose, or for a general purpose (as held by the trial court) ? ’ ’
 

 Appellant board was created under Section 2976-1
 
 et seq.,
 
 General Code, and by Section 2976-6, General Code, constituted a body politic and corporate, capable of suing and being sued. Under Section 2976-10, General Code, such board has the “power to levy taxes upon all the taxable property within such district in an amount not in excess of one-tenth of one mill upon each dollar of the assessed value of the property in the district in any one year, subject, however, to the combined maximum levy for all purposes otherwise provided by law. After the budget commission of the county in which said district is located shall certify such levy,
 
 or such modification thereof as they deem advisable
 
 to the county auditor, it shall be by him placed upon the tax duplicate.” (Italics ours.)
 

 Under Section 2976-lOi, General Code, “the board of park commissioners, by resolution, may^ submit to the electors of the district the question of levying taxes for the use of the district. Such resolution shall declare the necessity of levying such taxes,
 
 shall specify the purpose for which such taxes shall be used,
 
 the annual rate proposed, and the number of consecutive years such rate shall be levied.” That section also contains the provision: “If a majority of the electors voting upon the question of such levy shall vote in favor thereof, such taxes shall be levied and shall be in addition to
 
 *71
 
 the taxes authorized by Section 2976-10 of the General Code, and all other taxes authorized by law; provided that the rate submitted to the electors at any one time shall not exceed one-tenth of one mill annually upon each dollar of valuation.” (Italics ours.)
 

 The act containing the foregoing section was filed in the office of the Secretary of State on the 16th day of January 1920 (108 Ohio Laws, pt. 2, 1099), and was held to be constitutional by two judges in the cases of
 
 State, ex rel. Bryant,
 
 v.
 
 Akron Metropolitan Park District
 
 and
 
 State, ex rel. Wadsworth, a Taxpayer,
 
 v.
 
 Zangerle, Aud.,
 
 120 Ohio St., 464, 166 N. E., 407. See, also,
 
 McNab
 
 v.
 
 Bd. of Park Commrs.,
 
 108 Ohio St., 497, 141 N. E., 332.
 

 Section 5548-2, General Code, was passed March 5, 1925, as Section 3 of an act entitled: “To amend Section 5548 of the General Code relative to the assessment of property for taxation, and adjusting the amount of levies previously voted by the people to conform thereto.” (Ill Ohio Laws, 420.) Such Section 3 provides:
 

 “When the people of any taxing subdivision have voted additional levies for specific purposes in the year of reassessment or any year prior thereto, and said additional levies are effective in the year of reassessment or thereafter and are to be calculated on a total valuation of property higher than that of the year before reassessment, the rate of said additional levy shall be reduced in the same proportion in which the total valuation of property in said taxing subdivision is increased by the reassessment ■ over the total valuation of the year preceding the reassessment.”
 

 Under Section 342-1, General Code (101 Ohio Laws, 144), when an act of general and permanent nature was passed by the General Assembly it became the duty of the Attorney General to give each section of such act a sectional number. The Attorney General
 
 *72
 
 did not give to Section 3 of the act any code section 1 number. In the case of
 
 Southern Surety Co.
 
 v.
 
 Standard Slag Co.,
 
 117 Ohio St., 512, 159 N. E., 559, Judge Robinson said at pages 516 and 517: “Whether the Attorney General gave these numbers to the several sections of the act because he believed that the act applied only to buildings, or whether he gave the act these numbers as a mere matter of routine, is not significant, since the power conferred upon him by the legislature to number does not attempt to confer upon him any po.wer to legislate, and could not if it did so attempt.”
 

 The editor of Page’s Ohio General Code, not agreeing with the Attorney General, gave the section the number 5548-2 and placed this number in brackets. However, the General Assembly has twice recognized the editor’s numbering of 5548-2 as official and the section as of a permanent and general nature. See 113 Ohio Laws, 260, Section 7595-1, General Code, and 114 Ohio Laws, 849, Sectiori 7595-1, General Code (since further amended).
 

 Appellants claim that Section 5548-2, General Code, was repealed by implication by the later enactment of Section 5625-1
 
 et seq.j
 
 General Code, being the Uniform Tax Levy Law, effective August 11, 1927 (112 Ohio Laws, 391).
 

 We repeat here the language of Judge Zimmerman at page 451 in the case of
 
 State, ex rel. Draper,
 
 v.
 
 Wilder, Recorder,
 
 145 Ohio St., 447, 62 N. E. (2d), 156:
 

 “The rule is too well established to require discussion that the repeal of statutes by implication is not ■ favored in law; and the presumption is always against the intention to repeal an existing statute where express terms indicating that intention are not employed. ’ ’
 

 In 37 Ohio Jurisprudence, 395, Section 135, it is said:
 

 “If an act is so repugnant to, or so contradictory of,
 
 *73
 
 or so irreconcilably in conflict with, a prior act that the two acts cannot be harmonized in order to effect the purpose of their enactment, the later act operates, without any repealing clause, as a repeal of the first to the extent of the irreconcilable inconsistency.”
 

 Section 5625-23, General Code, provides:
 

 “The county auditor shall lay before the budget commission the annual tax budgets submitted to him under the provisions of this act, together with an estimate to be prepared by such auditor, of the amount of any state levy, the rate of any school tax levy as theretofore determined, and such other information as the budget commission may request or the state tax commission may prescribe. The budget commission shall examine such budget and ascertain the total amount proposed to be raised in the county for the purposes of each subdivision and other taxing units therein.
 

 “The budget commission shall ascertain that the following levies are properly authorised and if so authorised, shall approve them without modification:
 

 “(a) All levies outside of the ten-mill limitation. # # *
 

 “(e) The provisions of the foregoing paragraphs (a) * * * are mandatory and budget commissions shall be without discretion to reduce such minimum levies except as therein provided. * * (Italics ours.)
 

 We agree with appellants that the Uniform Tax Levy Act is. .a general law. While the terms of Section 5548-2, General Code, are general the statute itself is a specific statute applying only to those cases whore additional levies have been voted for
 
 specific purposes.
 

 At the time the levy in question was voted, Section 5548-2, General Code, contained a part of the conditions under which the levy here was authorized. Plainly at the time the vote was taken it was upon the condition that if the levy was for a specific purpose it
 
 *74
 
 was to be limited in amount by reducing the rate in the same proportion that reassessment had increased the valuations of the duplicate. In other words, a level rate for a specific purpose irrespective of the increase of the valuations on the duplicate by reassessment is not authorized and the county budget commission may not approve such a levy without modification.
 

 We are, therefore, of the opinion that Section 5548-2, General Code, is not irreconcilable with any section of the Uniform Tax Levy Law and was not repealed by implication.
 

 Appellants further contend that if it be held that Section 5548-2, General Code, is still effective, the levy in question was not for a specific purpose. Section 2976-lOi,
 
 supra,
 
 provides that a park board may, by proper resolution, submit to the electors of the district the question of levying taxes for the use of the district. Such resolution must specify the purpose for which such taxes shall be used. As said by the Court of Appeals in its opinion herein: “Moreover, while the purpose specified in the resolution of necessity is somewhat garbled, in that it does not conform to the wording of the statute (Section 2976-1, General Code), it nevertheless does specify one of the purposes therein set forth,
 
 vis.,
 
 ‘for the conservation of the natural resources of the- district. ’ It is thus made specific, and accords with one of the purposes which the statute provides shall be the reasons for the creation of park districts.”
 

 Section 5625-5, General Code, provides in part:
 

 “The purpose and intent of the general levy for current expenses is to provide one general operating fund derived from taxation from which any expenditures for current expense of any kind may be made * # * ? ?
 

 The only way in which the ten-mill limitation may be exceeded to provide for current expenses is found in
 
 *75
 
 Section 5625-15, General Code (a part of the Uniform Tax Levy Law). Under this section the taxing authority of any subdivision by a vote of “two-thirds of all the members of said body, may declare by resolution that the amount of taxes which may be raised within the ten-mill limitation will be insufficient to provide an adequate amount for the necessary requirements of the subdivision, and that it is necessary to levy a tax in excess of such limitation for any of the following purposes:
 

 “1. Current expenses of the subdivision.”
 

 Clearly, we do not have in this case a levy outside the ten-mill limitation for current expenses. We find no authorization for any general levy outside the ten-mill limitation.
 

 The park board has no authority to levy a tax outside the ten-mill limitation for general purposes. It follows, therefore, that the levy is either for a specific purpose or is void.
 

 We agree with the opinion of the Court of Appeals that the additional levy was voted for a specific purpose and is therefore valid.
 

 Appellants claim that they do not come within the term “taxing subdivision” as used in Section 5548-2, G-eneral Code. They admit that the'term “undoubtedly had a meaning when that statute was enacted in 1925. It does not seem that there could have been any doubt as to its meaning at that time. It probably has the same meaning as the term ‘taxing district’ used in Article XII, Section 2, of the Constitution, and refers to a territorial outline as to which given tax laws apply.
 

 “The uncertainty of the meaning of the term arises from the fact that some years later, when the Uniform Tax Levy Law was enacted, it defines the term ‘subdivision.’ ”
 

 However, Section 5625-1, General Code, which de
 
 *76
 
 fines the term “subdivision” specifically limits the definition to the term as used in the Uniform Tax Levy Law.
 

 In considering the foregoing quotation from appellants’ brief we also find in the sainé brief the claim that Sections 5548-2 and 5625-23, General Code, are not
 
 in pari materia.
 
 Granting this, we do not see how it helps appellants. At another point in their brief appellants say: “All of the foregoing is set out merely to bring to the court’s attention that the subject of voted levies by metropolitan park boards is completely covered in the statutes without recourse to the Uniform Tax Levy Law.” There is, therefore, no justification for departing from the ordinary meaning of the word “subdivision” as it is used in Section 5548-2, General Code. Webster’s dictionary defines the word: “A part of a thing made by subdividing.” As illustrative that the definition of “subdivision” as made in Section 5625-1, General Code, is confined to the term as found in the Uniform Tax Levy Law, we call attention to the ease of State,
 
 ex rel. Matthews, a Taxpayer
 
 v.
 
 Zangerle, Aud.
 
 (15 Ohio Law Abs., 661). In that case the pleadings raised the question whether the provisions of Section 2976-lOi, General Code, were repealed by implication when the Uniform Tax Levy Law was enacted. The Court of Appeals of the Eighth Appellate District held: i
 

 “With reference to the first contention of plaintiff, subdivision (a), a careful reading of Section 2976-101, General Code, and of the provisions of Sections 5625-15, -17 and -18, General Code, impels us to the conclusion that in drafting the Uniform Tax Levy Law, the legislature meant exactly what it said in Section 5625-1, General Code, when it defined the terms used in said act. No mention is made of park districts in the provisions of paragraphs (a) and (c) of said Section 5625-1, General Code, which expressly designate
 
 *77
 
 the taxing units to which the terms ‘subdivision’ and ‘taxing authority’ shall' apply. However, metropolitan park districts are mentioned in paragraph
 
 (i)
 
 of said section as ‘taxing units.’ It is therefore clear that it was not intended to include park districts within the meaning of the terms ‘subdivision’ or ‘taxing authority,’ and that there is therefore no conflict between the two enactments. Moreover, repeals by implication are not favored unless the statutes involved cannot be reconciled by any other interpretation.”
 

 A petition in error was dismissed by this court for the reason that no debatable constitutional question was involved (127 Ohio St., 452). At the same time a motion to certify the record was'overruled and later an application for rehearing was filed and denied. While the overruling of a motion to certify is without significance as a precedent, nevertheless we mention it.
 

 As we have heretofore pointed out, appellant board is constituted by law (Section 2976-6, General Code) “a body politic and corporate.” The park board is not a private corporation. Being a body politic and a public corporation and being authorized to levy taxes within its district, it is a taxing subdivision within the meaning of Section 5548-2, General Code.
 

 Summarizing:
 

 (1) The Uniform Tax Levy Law (Section 5625-1
 
 et seq.,
 
 General Code) does not supersede or repeal Section 5548-2, General Code.
 

 (2) The term “taxing subdivision” as used in Section 5548-2, General Code, includes park districts created under Section 2976-1
 
 et seq.,
 
 General Code.
 

 (3) Under Section 2976-lOi, General Code, a board of park commissioners created pursuant to Section 2976-1
 
 et seq.,
 
 General Code, may levy additional taxes only for the specific purpose set forth in its resolution.
 

 (4) Under Section 5625-23, General Code, it is the mandatory duty of the county budget commission to
 
 *78
 
 ascertain whether all levies outside the ten-mill limitation are properly authorized. Unless properly authorized, the county budget commission has no authority to approve them with or without modification.
 

 (5) Where a tax levy is voted pursuant to Section 2976-lOi, General Code, in the year of reassessment or any year prior thereto, and such additional taxes are effective in the year of reassessment or thereafter and are to be calculated on a total valuation of property higher than that#of the year before reassessment, the rate of such additional levies shall be reduced by the county budget commission in the same proportion in which the total valuation of property in such taxing ■subdivision is increased by the reassessment over the .total valuation of the year preceding the reassessment. (Sections 5548-2 and 5625-23, General Code.)
 

 This court being of the opinion that the action of the county auditor and county budget commission holding that such voted levy was for a specific purpose within the meaning of Section 5548-2, General Code, and that by reason thereof the rate voted must be reduced to correspond to any increase in the appraised value of the taxable property, as alleged in substance in appellants’ petition, was correct, the judgment of the Court of Appeals should be and hereby is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Bell, Williams, Matthias and Hart, JJ., concur.