Hart, J.,
 

 dissenting. The statutory interpretation involved in the determination of the question at issue in this case presents great difficulty because these statutes were passed at different times and are not well integrated.
 

 In reviewing these statutes and the meager judicial authority interpreting them, 28 Ohio Jurisprudence, 49, Section 19, reads:
 

 “It has been held that county commissioners have exclusive jurisdiction of a petition for the incorporation of territory embraced within the provisions of Section 3517, General Code — that is, territory all or a portion of which is laid off into village lots — and that township trustees do not have jurisdiction, under Section 3526
 
 et seq.,
 
 General Code, of a petition for the incorporation of such territory. But the contrary has also been held.”
 

 It is quite clear that for many years before the enactment of what is now Section 3526, General Code, the only type of territory which could be incorporated into a municipal corporation was that which consisted of or included lands already laid off in platted lots, the plats of which had been recorded, and that the incorporation of such territory could be accomplished only through a petition to and action by the county commissioners: Section 3517, General Code.
 

 On the other hand, it seems quite clear that Section 3526
 
 et seq.,
 
 General Code, brought into the "Code by supplemental legislation (92 Ohio Laws, 333), provides for the incorporation of a new class of territory, namely territory, no portion of which had theretofore
 
 *245
 
 been platted or laid off in village lots and, for that reason, could not of itself be incorporated under the provisions of Section 3517, General Code.
 

 The narrow question here for determination .is whether this supplemental legislation invested, by implication, township trustees with jurisdiction to incorporate also platted lands which theretofore could have been incorporated only by action of county commissioners.
 

 A brief history of this legislation is helpful in solving the problem at hand. From 1852 to 1869, the inhabitants of platted or unplatted territory could petition the county commissioners for incorporation (50 Ohio Laws, 223). In 1869, the General Assembly adopted a municipal code, under Sections 9, 10 and 11 of which, the inhabitants, residing in any territory laid off into town or village lots, the plat of which had been made, acknowledged and recorded, which territory might include adjacent territory not laid off into lots, could petition the county commissioners for the incorporation of such territory (66 Ohio Laws, 145, 150). By that enactment, the General Assembly, aftei; 17 years, took away the right to incorporate unplatted territory by itself, and permitted such territory to be incorporated only when attached to platted territory and made a part of the incorporation thereof. When the Municipal Corporation Act, adopted in 1878, was carried into the Revised Statutes in 1880, Sections 1 to 9, inclusive, of Chapter 2, Division 2, of the Municipal Corporation Act, providing for the incorporation of villages and hamlets, as' they then stood in 75 Ohio Laws, 161,169, became Sections 1553 to 1561, inclusive, . Revised Statutes, but no substantial change was made in the law until April 18,1896, when Sections 1562 and 1564, Revised Statutes, were amended so as to give the court greater jurisdiction in enjoining the proceedings in such incorporations (92 Ohio Laws, 196).
 

 
 *246
 
 On April 27, 1896, just nine days after the amendment to Sections 1562 and 1564, Revised Statutes, as above noted, the General Assembly, not in the form of an amendment but by supplemental legislation, added new matter to the incorporation statutes, Section 1 of the act reading as follows (92 Ohio Laws, 333) :
 

 “Be it enacted by the General Assembly of the State of Ohio, That Section 1561 of the Revised Statutes be supplemented as follows: * * * ”
 

 Then folloAved three supplemental sections designated as 1561a, 15615 and 1561c, which, for the first time, gave township trustees jurisdiction on a petition to incorporate “any territory or portion thereof” in a single township. When the Ohio General Code was adopted in 1910, Sections 1553 to 1561, inclusive, Revised Statutes, became Sections 3517 to 3525, inclusive, General Code, and the supplemental Sections 1561a, 15615 and 1561c, Revised Statutes, became Sections 3526 to 3531, inclusive, General Code. ,
 

 It seems to the writer of this dissent that certain inferences must be dravra from this legislative history. In the first place, it was the legislative policy generally to permit the incorporation of platted lots only, and that by the authority of the county commissioners. When, in 1896, the General Assembly adopted legislation giving township trustees jurisdiction in the incorporation of township territory, there was no intent to take away any jurisdiction from the county commissioners as to platted lands. This is clearly shown by the fact that, only nine days before, the General Assembly had added to and strengthened the procedure as applied to platted lots under the jurisdiction of the county commissioners and did not repeal a single word or sentence of the original legislation granting such jurisdiction. Furthermore, the General Assembly itself designated the legislation granting
 
 *247
 
 township-trustee jurisdiction as to township lands as supplemental, which must mean such legislation is an addition to the legislation already in force.
 

 One of the strongest indices that the jurisdiction of the township trustees is confined to unplatted lands and that of the county commissioners to platted lands is found in the supplemental legislation itself. In Section 3526, General Code, providing what the petition to invoke the jurisdiction of the township trustees shall contain, appears the following:
 

 “Such
 
 petition
 
 shall be signed by at least thirty electors of the territory * * *, and
 
 shall contain in addition to the matter hereinbefore required to be set forth in petitions to incorporate territory laid off into-village lots
 
 [Section 3519, General Code, a part of the procedure for the incorporation of platted lands by county commissioners], the request of the petitioners that an election be held to obtain the sense of the electors upon such incorporation.” (Italics supplied.)
 

 This provision of the supplemental legislation plainly recognizes that another separate and independent procedure shall still apply when platted lands are involved, and that this supplemental procedure authorizing a petition to trustees for incorporation is limited to lápds no part of which is platted.
 

 Section 3526, General Code, to begin with, is ambiguous in the term “any territory or portion thereof” and is a general statute. On the other hand, the provision of Section 3517, General Code, that “the inhabitants of any territory laid off into village lots, a plat of which territory has been- acknowledged and recorded,” etc., is a specific statutory provision giving* the commissioners jurisdiction and authority under those specified circumstances to make the incorporation. It is a very well accepted rule of státutory construction that special provisions will ordinarily prevail over general provisions.
 
 County of Miami
 
 v.
 
 City of
 
 
 *248
 

 Dayton,
 
 92 Ohio St., 215, 110 N. E., 726;
 
 State, ex rel. Myers,
 
 v.
 
 Industrial Commission,
 
 105 Ohio St., 103, 136 N. E., 896;
 
 Western & Southern Indemnity Co.
 
 v.
 
 Chicago Title & Trust Co. et al., Receivers,
 
 128 Ohio St., 422, 191 N. E., 462. The courts will presume that the legislative branch of government knows the existing condition of the law, whether common law
 
 (State, ex rel. Morris,
 
 v.
 
 Sullivan,
 
 81 Ohio St., 79, 90 N. E., 146) or statute law
 
 (Norris v. State of Ohio,
 
 25 Ohio St., 217, 18 Am. Rep., 291;
 
 Johnson
 
 v.
 
 Johnson, Exr.,
 
 31 Ohio St., 131;
 
 Southern Surety Co.
 
 v.
 
 Standard Slag Co.,
 
 117 Ohio St., 512, 159 N. E., 559); and that the legislative branch does not intend to change the pre-existing law unless the Legislature clearly, shows an intention to do so. For these reasons, all the statutes on the same subject matter must be read together, the construction of one may be affected by the provisions found in others and statutes must be reconciled if a reasonable construction will permit.
 
 Heckman v. Adams,
 
 50 Ohio St., 305, 34 N. E., 155;
 
 Maxfield, Treas.,
 
 v.
 
 Brooks,
 
 110 Ohio St., 566, 144 N. E., 725.
 

 It appears to me there is a legislative plan or scheme running through the statutory law of Ohio whereby the county commissioners were given what may be termed exclusive jurisdiction over certain matters having to do with the platting of lots in territory outside a municipality, the incorporation of territory containing platted lots, the annexation of territory of a municipal corporation to a contiguous municipality and the detachment of a part of the territory of a municipality from the remainder of the municipality.' The evident purpose of such legislative provisions is to preserve a proper balance and integrity in streets and highways, as between that part of the territory of a county, which is platted or incorporated, and that part of the territory, which is unplatted and unincorporated. A brief review of this legislation, some of
 
 *249
 
 which was on the statute books before and some of which has been enacted since 1896 when the township trustees were given jurisdiction to begin proceedings for the incorporation of unplatted lands by election of the resident voters, will disclose this salutary legislative purpose.
 

 When the General Assembly in 1869 adopted a municipal code for this state, there were included therein Sections 679, 680 and 681 of the code (66 Ohio Laws, 264, 265), now comprehended in Sections 3548 and 3549, General Code, which make provision for the annexation to a municipality of unincorporated territory adjacent thereto, on the petition of the inhabitants of such territory. These sections provide that when the inhabitants residing in territory adjacent to a municipality desire to have such territory annexed to such municipality, they must petition the county commissioners of the county in which such territory is located and the commissioners in considering the matter shall follow the same proceedings as far as applicable and assume the same duties, “as required in case of an application to be organized into a village under the provisions of this division, ’ ’ which was then Chapter 2, Municipal Code, being the same sections which then and now give county commissioners jurisdiction to incorporate platted lots and lands. The petition may be amended by leave of the commissioners, and after full hearing as to the regularity of the petition and as to the equities in the matter, the commissioners may grant the petition whereupon the matter goes to the council of the municipality to which the annexation is proposed for its acceptance or rejection. It is significant to note that the procedure for such annexation is coupled up exclusively to the procedure for the incorporation of platted lands and lots, application for which is made to county commissioners.
 

 When the inhabitants of a municipal corporation de
 
 *250
 
 sire to enlarge its corporate limits by the annexation of contiguous territory, the council of the corporation shall pass an ordinance authorizing such annexation and then the corporation must petition the county commissioners for authority to annex such contiguous territory and the county commissioners must grant such permission before such territory may be annexed. See Sections 3558 to 3561, inclusive, General Code.
 

 Again, under the provisions of Section 3575, General Code, and its predecessor sections in force .since 1871 (68 Ohio Laws, 85), when a city and village adjoin each other, and the inhabitants of all or any portion of the territory constituting all or a part of the village desire to be annexed to the city, on application of the council of the city and on written request of a majority of the legal voters inhabiting all of the territory of such village, or on the written request of two-thirds of the legal voters inhabiting any part of the territory of such village,
 
 the commissioners of the proper county may cause such alteration to be made and the boundaries of the city and village, respectively, to be established,
 
 in accordance with the application and request, and'such territory shall constitute a part of the city. In such proceedings the county commissioners are to be governed by the provisions, as far as applicable, of Section 3547
 
 et secy.,
 
 General Code, which again in turn means the procedure pre- . scribed by above-mentioned Sections 3517 to 3525, inclusive, General Code, prescribing the manner of proceeding on applications for the annexation of adjacent unincorporated territory to municipalities. The annexation of all or a portion of the village is then completed by the adoption of an ordinance or resolution of the city council accepting the annexation.
 

 Again, under authority of Section 3577, General Code, and its predecessor sections enacted since 1877
 
 *251
 
 (74 Ohio Laws, 109), upon petition of a majority of the freehold electors owning lands in any portion of the territory of a municipality, praying to have such portion of the territory detached therefrom,
 
 the commissioners of the county in which such portion of the territory is situated,
 
 with the assent of the council of the municipality given, in an ordinance passed for such purpose,
 
 are authorised
 
 and
 
 required
 
 to detach such territory from the municipality and attach it to any township contiguous thereto or if the petition so requests, erect the territory into a new township.
 

 It is interesting to note also that in 1929, after the passage and with full knowledge of the provisions of the supplemental legislation providing for the incorporation of villages in certain cases by petition to the township trustees, the General Assembly amended Section 3583, General Code, and added supplemental Section 3583-1, General Code (113 Ohio Laws, 642). Section 3583, General Code, as amended, provides, in substance, that before any plat of lands outside a municipality wherein the proprietor of such lands shall dedicate any public highways shall be recorded, it must be approved by the county commissioners of the county wherein such lands are situated, unless there shall be an organized planning commission in such municipality, in which event such commission shall approve the plat. Section 3583-1, General Code, provides that the “county commissioners may adopt general rules and regulations governing plats and subdivisions of land falling within their jurisdiction, to secure and provide for the co-ordination of the streets within the subdivision with existing streets and roads or with existing county highways, for the proper amount of open spaces for traffic, circulation and utilities, and for the avoidance of future congestion of population detrimental to the public health, safety or welfare; * * *. The ground of refusal to approve any
 
 *252
 
 plat submitted in accordance with the provisions of the preceding section shall be stated upon the record of the county commissioners and within sixty (60) days thereafter the person submitting any plat which the county commissioners have refused to approve may file a petition in the Court of Common Pleas of the county wherein the land described in said plat is situated to review the action of the county commissioners.”
 

 To sum up, in every instance where plats are involved in the incorporation of municipalities, in the annexation of lands to incorporated villages or cities, or in the detachment of lands therefrom, the county commissioners of the county wherein the lands are located are given jurisdiction to approve or disapprove the proposed action, and not once are township trustees given such jurisdiction. The reason or basis for this jurisdiction is plainly disclosed in the provisions of Section 3583-1, General Code, to the effect that when lands are taken from the townships of the county into incorporated villages or cities, or are taken from such incorporated villages or cities back into the county, the county commissioners,
 
 having
 
 jurisdiction over all platted territory, are necessarily interested in the adequacy and co-ordination of the connecting highways involved in such changes. Since township trustees are given no jurisdiction over platted lands by any specific statutory provision, Section 3526, .General Code, should not be so construed as to confer that jurisdiction upon them by implication.
 

 Giving consideration to the entire legislative scheme of municipal incorporation, in my opinion the supplemental legislation giving trustees jurisdiction to incorporate lands is limited to unplatted lands.
 

 Matthias, J., concurs in the foregoing dissenting opinion.