Per Curiam.

Defendant was indicted and convicted for two violations of Section 6290-16, General Code. His motion for new trial was overruled by the Common Pleas Court and he was sentenced to the penitentiary for two consecutive indeterminate terms of six months to five years each. The judgment of the Common Pleas Court was affirmed by the Court of Appeals. The cause is now before this court on appeal from the judgment of the Court of Appeals pursuant to allowance of defendant’s motion to certify the record.
Defendant’s first assignment of error in this court is:
“That part of Section 6290-16, General Code of Ohio, under which defendant-appellant was indicted, tried, convicted and sentenced is constitutionally in *566 valid in that it did not make fraudulent intent a necessary ingredient to be charged in the indictment and proven at the trial. ’ ’
Section 6290-16, G-eneral Code, reads:
“Whoever alters or forges any certificate of title or manufacturer’s or importer’s certificate to a motor vehicle, or any assignment of either or any cancellation of any lien on a motor vehicle; or whoever holds or uses such certificate or assignment or cancellation knowing the same to have been altered or forged; or whoever procures or attempts to procure a certificate of title to a motor vehicle, or passes or attempts to pass a certificate of title or any assignment thereof to a motor vehicle, knowing or having reason to believe that such motor vehicle has been stolen; or whoever sells or offers for sale in this state a motor vehicle on which the motor number or manufacturer’s serial number has been destroyed, removed, covered, altered or defaced with knowledge of such destruction, removal, covering, alteration or defacement of said motor number or manufacturer’s serial number; or whoever uses a false or fictitious name or gives a false or fictitious address or makes any false statement in any application or affidavit required under the provisions of this chapter, or in a bill of sale or sworn statement of ownership, or otherwise commits a fraud in any application-, or whoever shall purport to sell or transfer a motor vehicle without delivering to the purchaser or transferee thereof a certificate of title or a manufacturer’s or importer’s certificate thereto duly assigned to such purchaser as provided for in this chapter, shall upon conviction thereof be fined not more than $5,000 or imprisoned for not less than six months nor more than five years, or both, for each offense.” (Emphasis supplied.)
As stated in the opinion in Pierce v. Brushart et al., Board of Elections, 153 Ohio St., 372, 380, 92 N. E. *567 (2d), 4, “a person may adopt any name lie may choose so long as such change is not made for fraudulent purposes. ’ ’
It does not follow that a person may lawfully adopt a name for a fraudulent purpose if that is forbidden by statute.
Section 6290-16, General Code, does forbid the use in an application for a motor vehicle certificate of “a false or fictitious name.” Between the semicolons of the part of that statute which forbids such use, there appear the words “otherwise commits a fraud in any application.” These words indicate that the use of a name, which is forbidden by the words “uses a false or fictitious name,” is a use for a fraudulent purpose. Furthermore, the word “fictitious” is defined in part in Webster’s New. International Dictionary as “not real,” “counterfeit” or “false.” It is apparent that the General Assembly intended that some such meaning be given to the word “fictitious,’’ especially in view of its association with the word “false” in the statute.
Thus, in our opinion, the statutory words “uses a false or fictitious name” necessarily refer to the use of a name for a fraudulent purpose.
It-follows that- the premise upon which the first assignment of error is based does not exist.
Defendant’s second assignment of error in this court is:
“The courts below" erred in the interpretation of the term ‘imprisoned’ as used in General Code Section 6290-16 in holding that the term imprisoned meant confinement in the Ohio State Penitentiary when it should have been county jail.”
Section 12370, General Code, provides:
“In the interpretation of Part Fourth the word ‘imprisoned,’ where the context does not otherwise require, means imprisoned in the county jail if the maximum term prescribed for the offense is one year, and *568 imprisoned in the penitentiary if the maximum term prescribed for the offense is longer than one year.”
Defendant’s argument is that Section 6290-16, General Code, is found in Part Second and not Part Fourth of the Code.
At the time of the enactment of Section 6290-16, General Code, the statutes of Ohio provided in part:
“Section 342-1. * * * When an act of a general and permanent nature is passed by the General Assembly * * * the Attorney General shall examine the same.
“If there is no sectional numbering in the act or such numbering is not in conformity to the General Code he shall give each section of the act so passed its proper sectional or supplemental sectional number * * * and the number so designated by him shall be the official number. Such numbers so placed shall be published in the Session Laws and in any publication of the General Code. It shall be a sufficient reference to any section to refer to it by such official number. ’ ’
The foregoing provisions were in effect until 1945, long after the enactment of Section 6290-16, General Code. They were repealed by the bill providing for the Bureau of Code Revision (121 Ohio Laws, 129).
In enacting the General Code of 1910, the General Assembly divided it into “Part First — Political,” “Part Second — Civil,” “Part Third — Remedial,” and “Part Fourth — Penal.” It is apparent that Section 6290-16, General Code, is a penal statute and should have been placed under Part Fourth of the Code.
In our opinion, the fact, that the General Assembly or the Attorney General assigned to Section 6290-16, General Code, a number which resulted in its being-placed in Part Second of the Code, is of no significance in determining whether it is a penal statute. See Southern Surety Co. v. Standard Slag Co., 117 Ohio St., 512, 159 N. E., 559. If it is such a penal statute, as it clearly is, it should be in Part Fourth of the Code. *569 Stated another way, the words “in the interpretation of Part Fourth” as found in Section 12370, General Code, may be read as “in the interpretation of penal statutes in this Code.” It follows that the term “imprisoned” means confinement in the Ohio State Penitentiary.
The third and last assignment of error in this court is:
“Defendant-appellant was and is deprived of his liberty without due process of law contrary to Article I, Section 16 of the Constitution of the State of Ohio and the fifth and fourteenth amendments to the Constitution of the United States by reason that:
“(A) The indictment does not charge a crime and does not charge fraudulent intent.
“ (B) The trial court erred in overruling defendant-appellant’s demurrer to the indictment.
“(C) The punishment meted out to defendant-appellant is unnatural and unjust, is arbitrary and in no way based upon the nature, character or gravity of the offense charged, is contrary to the spirit of the constitutional requirements and Sections 13451-1 to 13451-4 of the General Code of Ohio.”
As to the reasons (A) and (B) in this assignment of error the indictment charged in count 1 that defendant “used a false or fictitious name in an application for certificate of title to a certain motor vehicle” and in count 2 that he “did give a false or fictitious address in an application for certificate of title to a certain motor vehicle.” It is obvious that the words of the indictment follow the words of the statute under which the indictment is framed.
In Section 13437-4, General Code, it is provided in part: “It [the indictment] may be in the words of the enactment describing the offense or declaring* the matter charged to be a public offense * *
It follows that the indictment does charge a crime *570 and that the trial court did not err in overruling the demurrer thereto.
As to the reason (C), this court is unanimously of the opinion that the trial court abused its discretion in ordering that the indeterminate sentence of not less than six months nor more than five years on each count be served consecutively and not concurrently. The record discloses that the trial court probably did this because he was advised that defendant was a Communist. However, a Communist is entitled to evenhanded justice in our courts.
The judgment of conviction is therefore modified so as to provide that the sentence on each count be served concurrently and, as so modified, is affirmed.
Judgment modified and, as modified, affirmed.
Weygandt, C. J., Middleton, Taet, Hajrt, Zimmerman, Stewart and Lamneck, JJ., concur.