THE STATE, EX REL. RAINES, *v.* TOBIN ET AL., BOARD OF ELECTIONS.

(No. 3435—Decided July 2, 1941.)

*Messrs. Werner & Lengyel* and *Messrs. Weick & Mason,* for plaintiff.

*Mr. Alva J. Russell,* prosecuting attorney, and *Mr. W. A. Spencer,* for defendants.

BY THE COURT.   It seems to be quite definitely settled by the decisions of the Supreme Court of Ohio that for the most part questions arising in reference to elections are questions of political cognizance and are not subject to judicial review; the only exceptions to the general rule being where the action of the election authorities was procured by fraud or corruption, or where there has been a flagrant misinterpretation of the statutes or the provisions of the Constitution or a clear disregard of legal provisions applicable thereto.

Concerning the controversy in question, the statute provides that a person who desires to become a candidate at the primaries ''shall * * * file a declaration of candidacy and shall pay the fee required by law.'' Section 4785-70, General Code.

It is also provided that there shall be attached to such declaration ''a petition signed by the required

number of electors," which shall be signed and acknowledged as provided in the statute. Section 4785-72, General Code.

The form of the declaration set forth in the statute requires not only the signature of the candidate at the end of the declaration, but also an oath that the statements made in the declaration are true. Section 4785-71, General Code.

Power is given to the board of elections "to review, examine and certify the sufficiency and validity of petitions and nomination papers" (Section 4785-13, General Code), and the secretary of state has power "to compel the observance, by election officers in the several counties, of the requirements of the election laws" (Section 4785-7, General Code).

The statute also provides that protests filed against a declaration of candidacy "shall be heard and determined by the board of such county and its decision shall be final," and it is also provided therein that "no declaration of candidacy shall be rejected for mere technical defects." Section 4785-78, General Code.

The only *judicial* question involved in the present controversy is as to whether the defect in the declaration—that defect being a failure of the candidate to sign the declaration although he did sign the oath and acknowledgment thereto—is technical only.

If the statute merely required the candidate to sign a declaration, the statute might be substantially complied with regardless of the place on the declaration where the candidate signed, provided the intention of the signer clearly appeared; but the statute does not merely require the candidate to sign a declaration. The Legislature has set forth in the statute a form of declaration which, on its face, clearly provides where the signature of the candidate shall be placed upon the declaration, and the form adopted by the Legislature also requires, on said declaration, another signature by the

candidate, attesting his acknowledgment and oath, as a part of the declaration, and clearly provides where the candidate shall so sign.

The statute thus provides for two signatures, each serving its separate purpose; and, under such circumstances, it cannot properly be said that the statute is substantially complied with if either one of said signatures is not made.

The requirement that the declaration shall be in "substantially" the form prescribed, has reference, of course, to the substance of the declaration, and not the manner of its execution. The requirement that the declaration be signed in one place is just as definite and mandatory as that the signature of the candidate shall appear in the other place, and if one of the signatures is omitted, the court, having a proper respect for a co-ordinate branch of the government—to wit, the Legislature—ought not to determine that the omission is purely a technical defect, merely because the court could have drawn a law providing for but one signature which would have served both of said purposes.

There is no doubt that the power is vested in the Legislature to determine whether the declaration should contain one, two, or more signatures, and it is not the province of a court to amend an act of the Legislature by ascribing to the words used by the Legislature a meaning plainly contrary to the ordinary meaning of the words used.

The Supreme Court has determined that if the requirements of the election laws are mandatory, the failure to comply with such requirements is not a mere technicality. And in the same case it has also been determined that "the provisions of Sections 4785-70 and 4785-71, General Code, that a candidate who files a declaration of candidacy must subscribe, swear to and acknowledge the same, are mandatory." See *Koehler, Jr.,* v. *Board of Elections,* 125 Ohio St., 251, 181 N. E., 107.

For the reasons stated, and on authority of the *Koehler case,* we hold that the defect which is the subject of this controversy is not merely technical, and the petition is therefore dismissed.

*Petition dismissed.*

DOYLE, P. J., and WASHBURN, J., concur.
GUERNSEY, J., of the Third Appellate District, sitting by designation in place of STEVENS, J., dissents.