MACDONALD, APPELLANT, *v.* BERNARD, APPELLEE.

[Cite as MacDonald *v.* Bernard (1982), 1 Ohio St. 3d 85.]

(No. 82-138—Decided July 21, 1982.)

*Mr. Thomas S. MacDonald, Jr.*, for appellant.

*Messrs. Letson, Griffith, Woodall & Lavelle, Mr. Lynn B. Griffith, Jr.*, and *Mr. Ronald A. Marks, Sr.*, for appellee.

*Per Curiam.* The issue presented by this appeal is whether the Court of Appeals, pursuant to its authority to hear judicial election contest cases as granted by R.C. 3515.08, has subject matter jurisdiction to entertain a complaint which alleges violations of R.C. 3599.01 (bribery) and 3599.091 (political campaign guidelines).

This court is very much aware of the limitations on its power to intervene in the election of public officials. The right to vote has its source in and is guaranteed by the Constitutions of Ohio and of the United States. Since public elections belong to the political branch of the government, they are a matter of political regulation and questions arising in reference to elections are subject to judicial review or cognizance only in limited areas. (See *State, ex rel. Buel,* v. *Joyce* [1912], 87 Ohio St. 126; *State, ex rel. Ford,* v. *Bd. of Elections* [1958], 167 Ohio St. 449 [5 O.O.2d 141]; *State, ex rel. Raines,* v. *Tobin* [1941], 69 Ohio App. 59 [23 O.O. 444].) As such, courts should be very reluctant to interfere with the election of public officials by the people, except to enforce rights or mandatory or ministerial duties as the statutes require. The survival of our system of government requires that proper respect be given to the will of the people as expressed at the ballot box. It is within this context that this court addresses the issue at bar.

In determining whether the Court of Appeals correctly dismissed the instant complaint for lack of subject matter jurisdiction, this court must decide whether the complaint has alleged any cause of action cognizable by the forum. See *Steffen* v. *General Telephone Co.* (1978), 60 Ohio App. 2d 144, 145 [22 O.O.3d 111].[1] At the outset, this court recognizes that a court of appeals has subject matter jurisdiction over election contests by virtue of R.C. 3515.08 which provides, in pertinent part, as follows:

"The nomination or election of any person to any public office * * * may be contested by qualified electors of the state or a political subdivision.
"* * *

"* * * In the case of a contest for a judicial office within a county, such contest shall be heard by the court of appeals of the district in which such county is located. * * *"

While R.C. 3515.08 clearly empowers the Court of Appeals with jurisdic-

---

[1] In addressing this question, this court is mindful of the basic and general rule that pleadings shall be construed so as to do substantial justice and to that end, shall be construed liberally in order that the substantive merits of the action may be served. See, *e.g.,* Civ. R. 1(B).

tion to hear election contests for judicial offices, it fails to state what constitutes proper grounds for bringing the contest. After carefully reviewing the relevant statutory provisions, this court finds, for the reasons stated below, that an election contest proceeding conducted pursuant to R.C. 3515.08 is not the proper forum for determining whether violations of R.C. 3599.091 or 3599.01 have occurred. Hence, the Court of Appeals was correct in finding that it lacked subject matter jurisdiction for the complaint failed to state a cause of action cognizable by the forum.

The complaint alleged two grounds for contesting the judicial election.[2] First, appellant alleges that appellee's campaign advertising was violative of R.C. 3599.091. There is no doubt that the Court of Appeals lacked original jurisdiction to entertain this allegation, for R.C. 3599.091(C) specifically provides, in pertinent part, that "* * * the *common pleas court has exclusive original jurisdiction* over prosecutions under this section." (Emphasis added.)

This court must next decide whether the Court of Appeals had jurisdiction, pursuant to its authority under R.C. 3515.08, to entertain appellant's allegation that appellee's campaign activity constituted bribery in violation of R.C. 3599.01.

R.C. 3599.01 provides, in pertinent part, that:

"No person shall before, during, or after any primary, convention, or election:

"(A) Give * * * any money * * * or any other valuable consideration to or for a delegate, elector, or other person;

"* * *

"(C) Advance, pay, or cause to be paid or procure or offer to procure money or other valuable thing to or for the use of another, with the intent that it or part thereof shall be used to induce such person to vote or to refrain from voting.

"Whoever violates this section is guilty of bribery and shall be fined not more than one thousand dollars or imprisoned not less than one nor more than three years, or both; and if he is a candidate he shall forfeit the nomination he received, or if elected to any office he shall forfeit the office to which he was elected at the election with reference to which such offense was committed."

By its very language, R.C. 3599.01 is a criminal statute. This section establishes that anyone guilty of violating this section will be fined, imprisoned, or both, regardless of whether or not elected. The section also deals with the contingency of election, and further provides that a violator who is elected must additionally forfeit the office.

---

[2] Although it is not expressly stated in the complaint, it is clear, after considering the form and content of the complaint and the prayer for relief, that plaintiff-appellant was attempting to invoke the jurisdiction of the Court of Appeals pursuant to power to hear election contest cases under R.C. 3515.08.

Indeed, the General Assembly left no doubt as to the criminal aspect of R.C. 3599.01. R.C. 3599.40 provides that "[w]hoever violates any provision of Title XXXV of the Revised Code, unless otherwise provided in such title, is guilty of a misdemeanor of the first degree."

Thus, R.C. 3599.01 does not merely contemplate the cleansing of a public office of a tainted public officer, for it mandates that the violator be fined or imprisoned or both.[3] And since one found guilty under this section would be guilty of a misdemeanor in the first degree, the rudiments of due process of law in criminal proceedings must be observed.

An examination of the time limitations specified in the relevant statutes lends further support to our position that the General Assembly did not intend an alleged violation of the bribery provision to be a basis for an election contest. R.C. 3599.01 provides that violations occurring *after* the election are also subject to penalties. If a violation of R.C. 3599.01 was considered pursuant to an election contest action, a violator of R.C. 3599.01 would only be subject to criminal liability for 15 days, since R.C. 3515.09 provides that a petition to contest an election must be filed "* * * within fifteen days after the results of any such nomination or election have been ascertained * * *." Such a result is clearly contrary to legislative intent, for R.C. 3599.40 makes a violation of R.C. 3599.01 a misdemeanor and R.C. 2901.13(A)[4] specifies a two-year statute of limitations for such misdemeanors.

Thus, close scrutiny of the language of this section reveals that the General Assembly did not intend an alleged violation of the bribery provision to be a basis for an election contest case. R.C. 3599.01 encapsulates a full and complete remedy for violations of its terms. Thus, even in the absence of an election contest statute, R.C. 3599.01 would by itself provide both the standards of conduct to be met and the penalties for failing to comport with these standards.

It is true that appellant herein is not seeking to have criminal liability imposed but is only asking that appellee be removed from office. Based on this narrow request for relief, appellant attempts to come within the parameters of R.C. 3515.08 by isolating the forfeiture of office provision from the fine and imprisonment provision of R.C. 3599.01.

In essence, appellant urges this court to look at the statute in piecemeal fashion. Such an approach, however, is contrary to accepted law, for this court stated in *Black-Clawson Co.* v. *Evatt* (1941), 139 Ohio St. 100, 104 [22

---

[3] Appellant contends that *Prentiss* v. *Dittmer* (1916), 93 Ohio St. 314, is controlling. Such reliance is unfounded, for that case dealt with a statute which, unlike R.C. 3599.01, had a separate penalty provision. See former G.C. 5175-26, 13323-1.

[4] R.C. 2901.13(A) provides, in part, that:

"Except as otherwise provided in this section, a prosecution shall be barred unless it is commenced within the following periods after an offense is committed:

"* * *

"(2) For a misdemeanor other than a minor misdemeanor, two years; * * *"

O.O. 63], that, in construing statutes, "* * * we realize that we should not pick out one sentence and disassociate it from the context. We should look rather to the four corners of the enactment and thus determine the intent of the enacting body."

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

KRUPANSKY, J., dissents.