OPINION
Appellant Hazel Lee appeals a summary judgment of the Stark County Common Pleas Court dismissing her claims of negligence against appellees Gold Key, Inc., dba Network Connectors; Margate Apartments, Inc.; and Professional Properties, Inc.:
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED WHEN IT ENTERED SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANTS BECAUSE THERE REMAIN GENUINE ISSUES OF MATERIAL FACT AS TO DEFENDANTS' LIABILITY FOR PLAINTIFF'S INJURIES.
On October 7, 1997, appellant lived in the Skyline Terrace Apartments, which were owned by appellee Margate, and managed by appellee Professional Properties, Inc. Cable television was provided to the residents of the apartments by Time-Warner Cable. The cable lines were run on the exterior of the building, and were in need of replacement due to weather exposure, neglect, and mutilation. Appellees Margate and Professional Properties, Inc. were concerned that the condition of the wires could result in injury or property damage. Time-Warner Cable agreed to have new cable television lines installed on the interior of the apartment buildings. Time-Warner contracted with appellee Gold Key, Inc., dba Network Connectors, Inc., to perform the re-wiring. Network hired Timothy Babeli to install the wiring.
While installing the wiring, Babeli was working in the attic area above appellant's apartment, and fell onto the ceiling of the bedroom in which appellant was sleeping, causing drywall and other debris to fall onto appellant.
Appellant filed the instant action in the Stark County Common Pleas Court against Babeli, Network, Time-Warner, Professional Properties, and Margate. In the complaint, appellant alleged that Babeli was a "sole proprietor" who was hired to install the cable. The complaint made no specific allegations of negligence against any of the defendants, but generally stated that the defendants' negligent conduct caused plaintiff's bedroom ceiling and other debris to fall upon her while she was resting on her bed. Complaint, paragraph 9.
Appellant voluntarily dismissed Time-Warner Cable from the action. Appellees Network, Professional Properties, and Margate all moved for summary judgment. The court granted the motions for summary judgment as to all three appellees. Appellant dismissed Babeli from the action, without prejudice, rendering the judgment a final appealable order.
 I
Appellant argues that the summary judgment was inappropriate as to all appellees, as there are disputed facts concerning their liability for appellant's injuries.
Summary judgment is appropriate where there is no dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Civ. R. 56 (C). A party seeking summary judgment, on the ground that the non-moving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying the portions of the record that demonstrate the absence of a genuine issue of material fact on essential elements of the non-moving party's claims. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429. If the moving party has satisfied this initial burden, the non-moving party then has a reciprocal burden, pursuant to Civ. R. 56 (E), to set forth specific facts showing that there is a genuine issue for trial, and if the non-movant does not so respond, summary judgment, if appropriate, shall be entered against the non-moving party. Id.
We first address the propriety of the summary judgment entered in favor of appellee Gold Key, dba, Network Connectors.
In her complaint, appellant alleges that Babeli was a "sole proprietor" who was hired by appellee Network to install cable. Appellant does not specially plead respondeat superior in the complaint, nor does appellant allege anywhere in the complaint that Babeli was an agent of Network.
Civ. R. 8 provides that a pleading that sets forth a claim for relief shall contain a short and plain statement of the claim, showing that the party is entitled to relief. This rule introduces the concept of notice pleading, which simplifies the pleadings to the end that the adverse party will receive fair notice of the claim, and an opportunity to prepare his response to the claim. Fancher v. Fancher (1982), 8 Ohio App.3d 79, 83. Civ. R. 8 (F) requires that pleadings be construed so as to do substantial justice, and to that end, pleadings must be construed liberally to serve the substantial merits of the action. McDonald v.Bernard (1982), 1 Ohio St.3d 85.
While the instant complaint is inartfully drafted, raising only a vague general allegation of collective negligence against all defendants, in its motion for summary judgment, appellee Network raises the issue ofrespondeat superior. Appellee specifically argued that although not alleged in the complaint, there was no evidence of a master servant relationship. Appellant responded to the motion for summary judgment, claiming there was sufficient evidence of a master servant relationship to allow the issue to go to the jury, and the court specifically addresses the merits of the claim in its judgment entry. Therefore, based on the state of the pleadings, we conclude that the issue is properly before the court.
Whether someone is an employee or independent contractor is ordinarily an issue to be decided by the trier of fact. Bostic v. Connor (1988),37 Ohio St.3d 144, paragraph 1 of the syllabus. The key factual determination is who had the right to control the manner or means of doing the work. Id. Factors to be considered include, but are not limited to, who controls the details and quality of the work; who controls the hours worked; who selects the materials, tools, and personnel used; who selects the routes; the length of employment; the type of business; the method of payment; and any pertinent agreements or contracts. Id. at 146.
The trial court concluded that reasonable minds could only find that Babeli was an independent contractor. The court relied on the agreement, between Network and Babeli, which specifically provided that Babeli was an independent sub-contractor, and there is no employer/employee relationship between the parties. The court also relied on evidence that Babeli was paid a flat rate for each task, as opposed to a salary; no taxes were withheld from his pay; and he owned all but one of the tools that he used in performing his duties. There was evidence that Babeli was required to carry his own liability insurance and Workers' Compensation insurance. The court further relied on the testimony of Don Moore, Network's Project Manager, that he did not dictate the specific manner of performing the job, but was only concerned that the installers completed the task as agreed to.
However, in his deposition, Babeli testified that he did not consider himself to be in business. He had no business address, office, or employees, and he received no business phone calls or correspondence. He had no business cards, brochures, newsletters, or other advertising expenses. All of Babeli's work was for Network. He was required by Network to be available 7 days per week, and had to obtain Network's approval to take time off. He received his supplies from Network, and was not permitted to use these for any job other than Network. Network required Babeli and other installers to wear a shirt with the Network insignia, work boots, and long blue pants. He was given a hat with the Network insignia on it, and was issued a badge with his picture that identified him as affiliated with Network. Network provided a pager for Babeli, which he was required to carry, and the cost of the rental of the pager was deducted from his pay. Babeli and other Network workers drove to the work site in Network trucks. Network established the schedule governing the order of the work to be done by Babeli and other installers. In this specific case, Moore went on a walk through with the cable installers, demonstrating how he wanted the wires to be run through the inside of the building. All of this evidence created a disputed material fact concerning whether Babeli was an independent contractor or an employee of Network. The court erred in granting summary judgment in favor of Network.
We next turn to the propriety of the summary judgment against appellees Margate and Professional Properties, hereinafter referred to collectively as "Skyline".
Appellant argues that appellee Skyline's duty to maintain the premises in a fit and habitable condition pursuant to 5321.04 is not delegable. A landlord who employs an independent contractor to make repairs is subject to the same liability to the tenant, and to others upon the leased property with the consent of the tenant, for harm caused by the contractor's negligence in making or purporting to make the repairs, as though the contractor's conduct were that of the landlord. Strayer v.Lindeman (1981), 68 Ohio St.2d 32, syllabus.
In the instant case, the independent contractor making the repairs, Babeli, was not hired by the Skyline appellees. There is no privity of contract between appellees and Babeli, as they did not hire him or Network to make repairs to the cable wire. In fact, pursuant to the right of entry agreement entered into between Time Warner Cable and appellees, Time Warner had the sole right to install, own, operate, and maintain cable service to the tenants in the complex who desired cable television. Pursuant to the agreement, ownership of all parts of the cable system belonged to Time Warner, and appellees were forbidden from tampering with, altering, or removing any equipment without Time Warner's consent. Pursuant to this agreement, appellees were precluded from making any repairs to the cable system.
Appellant makes no claim of negligent conduct by the Skyline appellees separate and apart from the claimed negligence of Babeli. Therefore, summary judgment in favor of appellee Margate Apartments, Inc. and Professional Property, Inc. was appropriate.
The assignment of error is sustained as to appellee Gold Key, Inc., dba Network Connectors.
The assignment of error is overruled as to appellees Margate Apartments, Inc. and Professional Properties, Inc.
The judgment of the Stark County Common Pleas Court dismissing Margate Apartments, Inc. and Professional Properties, Inc. on summary judgment is affirmed. The judgment dismissing appellee Gold Key, Inc., dba Network Connectors, is reversed. This case is remanded to that court for further proceedings according to law. Costs are to be split between appellant Hazel Lee and appellee Gold Key, Inc., dba, Network Connectors.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, The judgment of the Stark County Common Pleas Court dismissing Margate Apartments, Inc. and Professional Properties, Inc. on summary judgment is affirmed. The judgment dismissing appellee Gold Key, Inc., dba Network Connectors, is reversed. This case is remanded to that court for further proceedings according to law. Costs are to be split between appellant Hazel Lee and appellee Gold Key, Inc., dba, Network Connectors.
 ______________________________ By Gwin P. J.
Hoffman, J., and Farmer, J., concur.