Kennedy, J.,
concurring in judgment only.
*402 {¶ 14} I agree with the majority that R.C. 2307.60 does create an independent civil cause of action. However, because I believe that the statutory provision “is, itself, capable of bearing more than one meaning,” Dunbar v. State, 136 Ohio St.3d 181, 2013-Ohio-2163, 992 N.E.2d 1111, ¶ 16, and therefore is ambiguous, I disagree with the majority’s analysis and concur in judgment only.
{¶ 15} Because the statute is ambiguous, we should consider other matters under R.C. 1.49 to determine the intention of the General Assembly. After consideration of the factors set forth in R.C. 1.49, I agree that R.C. 2307.60 does create an independent civil cause of action. Therefore, I would answer the certified question in the affirmative and affirm the judgment of the Ninth District Court of Appeals, albeit on different grounds from those of the majority.
{¶ 16} The certified-conflict question asks, “Does the current version of R.C. 2307.60 independently authorize a civil action for damages caused by criminal acts, unless otherwise prohibited by law?” 143 Ohio St.3d 1496, 2015-Ohio-4468, 39 N.E.3d 1268.
{¶ 17} The current version of R.C. 2307.60 became effective in 2008. 2008 Sub.S.B. No. 184. While R.C. 2307.60 has multiple provisions, the certified-conflict issue focuses on the language of R.C. 2307.60(A)(1), which provides:
Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law, may recover the costs of maintaining the civil action and attorney’s fees if authorized by any provision of the Rules of Civil Procedure or another section of the Revised Code or under the common law of this state, and may recover punitive or exemplary damages if authorized by section 2315.21 or another section of the Revised Code.
I. Statutory Construction
{¶ 18} “The ultimate inquiry in the interpretation of statutes is to ascertain the legislative intent.” Caldwell v. State, 115 Ohio St. 458, 466, 154 N.E. 792 (1926). One of the cardinal rules of statutory construction is that we must first examine the language of the statute itself. Provident Bank v. Wood, 36 Ohio St.2d 101, 105, 304 N.E.2d 378 (1973). ‘“[I]f the words [are] free from ambiguity and doubt, and express plainly, clearly, and distinctly the sense of the lawmaking body, there is no occasion to resort to other means of interpretation.’ ” Risner v. Dept. of Natural Resources, Div. of Wildlife, 144 Ohio St.3d 278, 2015-Ohio-3731, 42 N.E.3d 718, ¶ 12, quoting Slingluff v. Weaver, 66 Ohio St. 621, 64 N.E. 574 (1902), paragraph two of the syllabus.
*403 {¶ 19} “ ‘[T]he General Assembly is not presumed to do a vain or useless thing, and * * * when language is inserted in a statute it is inserted to accomplish some definite purpose.’ ” State v. Wilson, 77 Ohio St.3d 334, 336, 673 N.E.2d 1347 (1997), quoting State ex rel. Cleveland Elec. Illum. Co. v. Euclid, 169 Ohio St. 476, 479, 159 N.E.2d 756 (1959). When reviewing a statute, we cannot “ ‘pick out one sentence and disassociate it from the context,’ ” but we instead must look at “ ‘the four corners of the enactment’ ” to determine the intent of the legislature. MacDonald v. Bernard, 1 Ohio St.3d 85, 89, 438 N.E.2d 410 (1982), quoting Black-Clawson Co. v. Evatt, 139 Ohio St. 100, 104, 38 N.E.2d 403 (1941). If a statute is ambiguous, then the court may consider “other matters” in determining the intention of the legislature. R.C. 1.49.
{¶ 20} Because the phrase “has * * * a civil action” in R.C. 2307.60(A)(1) is reasonably susceptible of more than one meaning, I disagree with the majority that R.C. 2307.60 is unambiguous and I instead find that R.C. 2307.60 is ambiguous. See Bailey v. Republic Engineered Steels, Inc., 91 Ohio St.3d 38, 40, 741 N.E.2d 121 (2001). Accordingly, it is necessary to consider “other matters” under R.C. 1.49. Reviewing the circumstances of the statutory enactment, R.C. 1.49(B), the former statutory provisions, R.C. 1.49(D), the available legislative history, R.C. 1.49(C), and the consequences of a particular construction, R.C. 1.49(E), reveals the General Assembly’s intent to create an independent civil cause of action in R.C. 2307.60.

A. Circumstances Surrounding the Statutory Enactment

{¶21} Contrary to old English common law, under Ohio common law, a criminal action did not merge with a civil action. See Story v. Hammond, 4 Ohio 376, 378 (1831); Howk v. Minnick, 19 Ohio St. 462, 465 (1869). The General Assembly codified this common-law principle in 1877 in the “General Provisions” section of the penal code. See Part Fourth, Title I, Chapter 1, Section 10, 74 Ohio Laws 240, 243. That statute eventually became R.C. 1.16 in 1953. It provided:
Any one injured in person or property by a criminal act may recover full damages in a civil action, unless specifically excepted by law. No record of a conviction, unless obtained by confession in open court, shall be used as evidence in a civil action brought for such purpose.
(Emphasis added.) Former R.C. 1.16, 1953 Am.H.B. No. 1, 125 Ohio Laws 7.
{¶ 22} The Sixth District Court of Appeals was the first Ohio court to conclude in a reported opinion that R.C. 1.16 did not create a civil cause of action, but was rather a codification of Ohio common law that a civil action does not merge with a *404 criminal prosecution. Schmidt v. State Aerial Farm Statistics, Inc., 62 Ohio App.2d 48, 49, 403 N.E.2d 1026 (6th Dist.1978); see also Peterson v. Scott Constr. Co., 5 Ohio App.3d 203, 204, 451 N.E.2d 1236 (6th Dist.1982).

B. Former Statutory Provisions

1. R.C. 2307.60 '

{¶ 23} Years after Schmidt and Peterson were decided, the General Assembly amended R.C. 1.16 through changes that became effective in 1985. Am.Sub.H.B. No. 426, 140 Ohio Laws, Part II, 3783, 3787. In addition to renumbering the statute from R.C. 1.16 to R.C. 2307.60, the General Assembly also amended the language of the statute. As amended in Am.Sub.H.B. No. 426, former R.C. 2307.60 provided:
ANYONE injured in person or property by a criminal act HAS, AND may recover full damages in, a civil action, unless specifically excepted by law, AND MAY RECOVER THE COSTS OF MAINTAINING THE CIVIL ACTION, EXEMPLARY DAMAGES,' AND ATTORNEY’S FEES IF SPECIFICALLY AUTHORIZED BY ANY OTHER SECTION OF THE REVISED CODE OR IF AUTHORIZED UNDER THE COMMON LAW OF THIS STATE. No record of a conviction, unless obtained by confession in open court, shall be used as evidence in a civil action brought PURSUANT TO THIS SECTION.
(Capitalization to indicate revised wording sic; emphasis added.) 140 Ohio Laws, Part II, at 3787.
{¶ 24} After R.C. 2307.60 became effective in 1985, the legislature amended the statute six times over the next 20 years. See Am.Sub.H.B. No. 1, 142 Ohio Laws, Part I, 1661, 1673; Am.Sub.H.B. No. 350, 146 Ohio Laws, Part II, 3867, 3942; Sub.H.B. No. 547, 147 Ohio Laws, Part II, 4392, 4392-4393; Sub.S.B. No. 108, 149 Ohio Laws, Part I, 382, 429; Sub.S.B. No. 107, 149 Ohio Laws, Part I, 1529, 1529-1530 (designating the preexisting provisions of the statute as R.C. 2307.60(A) and adding additional provisions as R.C. 2307.60(B)(1), (2), and (3)); Am.Sub.S.B. No. 80, 150 Ohio Laws, Part V, 7915, 7951-7952. During that time, the legislature did not disturb the last sentence of former R.C. 2307.60, even though the Ohio General Assembly specifically attempted to enact significant tort-reform measures in 1996 in Am.Sub.H.B. No. 350, see 146 Ohio Laws, Part II, at 3942, and then repealed those measures in 2001 in Sub.S.B. No. 108, see 149 Ohio Laws, Part I, at 429; see also Section 1, 149 Ohio Laws, Part I, at 384.
*405 {¶ 25} Effective in 2007, the General Assembly amended R.C. 2307.60(A). Am.Sub.S.B. No. 117, 151 Ohio Laws, Part II, 2274, 2276. Through this amendment, the legislature designated former R.C. 2307.60(A) as (A)(1) and enacted new provisions that it designated as R.C. 2307.60(A)(2).
{¶ 26} With the adoption of the new language in R.C. 2307.60(A)(2), the General Assembly deleted the last sentence of the previous version of R.C. 2307.60(A), which limited the use of a conviction as evidence in a civil action brought pursuant to R.C. 2307.60. The newly enacted provisions in R.C. 2307.60(A)(2) broadened the use of a criminal conviction in a civil action to establish a presumption of an offender’s liability for the injuries in person or property caused by a criminal act. They also established circumstances under which an offender could challenge that presumption of liability.

2. R.C. 2307.61

{¶ 27} As set forth above, a court’s paramount concern when interpreting a statute is legislative intent. State ex rel. United States Steel Corp. v. Zaleski, 98 Ohio St.3d 395, 2003-Ohio-1630, 786 N.E.2d 39, ¶ 12. “In reviewing a statute, a court cannot pick out one sentence and disassociate it from the context, but must look to the four corners of the enactment to determine the intent of the enacting body.” Wilson, 77 Ohio St.3d at 336, 673 N.E.2d 1347. “A court must examine a statute in its entirety rather than focus on an isolated phrase to determine legislative intent.” Massillon City School Dist. Bd. of Edn. v. Massillon, 104 Ohio St.3d 518, 2004-Ohio-6775, 820 N.E.2d 874, ¶ 37. See also R.C. 1.42.
{¶ 28} With this guidance in mind, therefore, other amendments to R.C. Chapter 2307 made at the same times as the enactment of R.C. 2307.60 in 1985 and the subsequent amendments of R.C. 2307.60 become important in determining the intention of the legislature. When it enacted R.C. 2307.60 in Am.Sub.H.B. No. 426, the General Assembly also enacted R.C. 2307.61. 140 Ohio Laws, Part II, at 3787-3791. In R.C. 2307.61, the General Assembly established special recovery provisions for the willful destruction of property or for the commission of a theft offense. As originally enacted, R.C. 2307.61(A) provided:
If a property owner brings a civil action pursuant to section 2307.60 of the Revised Code to recover damages from any person who willfully damages the owner’s property or commits a theft offense, as defined in section 2913.01 of the Revised Code, involving the owner’s property, the property owner may recover [damages and obtain certain other relief as specified].
*406 140 Ohio Laws, Part II, at 3787.
{¶ 29} Since 1985, the legislature has amended R.C. 2307.61 six times. See Sub.S.B. No. 105,144 Ohio Laws, Part I, 537, 549-553; Am.Sub.H.B. No. 350, 146 Ohio Laws, Part II, at 3942-3948; Sub.H.B. No. 294, 148 Ohio Laws, Part II, 3292, 3297-3301; Sub.S.B. No. 108, 149 Ohio Laws, Part I, at 429—436; Sub.S.B. No. 107, 149 Ohio Laws, Part I, at 1530-1534; 2008 Sub.H.B. No. 545. Two of the six occasions occurred when tort-reform legislation was enacted in Am.Sub.H.B. No. 350, see 146 Ohio Laws, Part II, at 3942-3948, and then repealed in Sub.S.B. No. 108, see 149 Ohio Laws, Part I, at 429-436. Although the General Assembly has amended the wording of the first sentence of R.C. 2307.61(A) to be slightly different from when it was first enacted, the current version of that sentence continues to be substantively the same: “If a property owner brings a civil action pursuant to division (A) of section 2307.60 of the Revised Code * *

C. Legislative History

{¶ 30} “Although this court is not bound by” the analyses prepared by the Ohio Legislative Service Commission, “we may refer to them when we find them helpful and objective.” Meeks v. Papadopulos, 62 Ohio St.2d 187, 191, 404 N.E.2d 159 (1980). When statutes are ambiguous they “ ‘are to be read in light of attendant circumstances and conditions, and are to be construed as they were intended to be understood, when they were passed.’ ” Id., quoting Miller v. Fairley, 141 Ohio St. 327, 48 N.E.2d 217 (1943), paragraph two of the syllabus.
{¶ 31} The Legislative Service Commission prepared a bill analysis of Am.H.B. No. 426, as passed by the House of Representatives on February 21, 1984. That bill analysis described the state of the law as it existed prior to the proposed legislation, in a section labeled “Existing Law”:
Under existing section 1.16 of the Revised Code, anyone who sustains personal injuries or property loss or damage as a result of a criminal act can recover full damages in a civil action unless specifically excepted by law. As judicially construed, section 1.16 does not create statutory civil actions for injury, loss, or damage caused by criminal conduct, but instead codifies Ohio common law that a civil action arising from conduct that is both criminal and tortious (civilly wrong) is not merged in a criminal action and, thus, a victim having a common law or statutory civil action is free to sue an offender for damages, even if criminal proceedings have not been completed.
*407 (Underlining sic.) Ohio Legislative Service Commission, Bill Analysis of Am.ELB. No. 426, as passed by the House of Representatives on Feb. 21, 1984, at 1.
{¶ 32} A comment accompanying this text stated: “Ohio courts have indicated that section 1.16 does not create statutory civil actions for injury, loss, or damage caused by criminal conduct. It codifies Ohio common law that a civil action is not barred just because it arises from the same act or acts as a criminal action.” Id. at 2. The comment then cited Story, 4 Ohio 376; Howk, 19 Ohio St. 462; Schmidt, 62 Ohio App.2d 48, 403 N.E.2d 1026; and Peterson, 5 Ohio App.3d 203, 451 N.E.2d 1236.
{¶ 33} The next section of the bill analysis then delineated the changes proposed by the bill. In general, the bill proposed to recodify R.C. 1.16 (as what eventually was enacted as R.C. 2307.60), and the bill proposed to “statutorily create civil actions for personal injuries or property loss or damage resulting from a criminal act.” (Underlining sic.) A comment in a previous bill analysis prepared by the Legislative Service Commission stated that in creating these civil actions, “the bill would reverse contrary aspects of the court decisions mentioned” previously. Ohio Legislative Service Commission, Bill Analysis of H.B. No. 426, as introduced in the House of Representatives on June 14,1983, at 2.
{¶ 34} Moreover, the bill analysis of the legislation as passed by the House stated that the bill also proposed to grant victims of property damage or theft a right to recover specific types of damages and other relief, including compensatory damages, exemplary damages, reasonable attorney fees, and costs of maintaining the action.
{¶ 35} Although H.B. No. 426 was revised several times until it was passed in late 1984 and was sent to the governor as Am.Sub.H.B. No. 426 for his signature, there were no substantive changes to the wording of this part of the legislation as introduced, and that wording was ultimately enacted as R.C. 2307.60 when the governor signed the bill in early 1985. And later bill analyses prepared by the Legislative Service Commission as the bill was amended continued to state that the bill proposed to change the law in essentially the same way that the changes were explained in the bill analysis that was prepared for the legislation as passed by the House.
{¶ 36} As mentioned previously, R.C. 2307.60 remained largely unchanged from 1985 until 2007. In amending the statute in Am.Sub.S.B. No. 117,151 Ohio Laws, Part II, at 2276, which became effective in 2007, the General Assembly deleted the last sentence of former R.C. 2307.60(A) and added R.C. 2307.60(A)(2). The Legislative Service Commission’s final analysis of Am.Sub.S.B. No. 117 stated:
Continuing law provides that anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless *408 specifically excepted by law * * *. Prior law prohibited the use of a record of a conviction, unless obtained by confession in open court, as evidence in a civil action brought pursuant to the provision described above. (R.C. 2307.60(A)(1).)
The act removes this prohibition and provides that a final judgment of a trial court that has not been reversed on appeal or otherwise set aside * * * when entered as evidence in any subsequent civil proceeding * * * precludes the offender from denying * * * any fact essential to sustaining that judgment, unless the offender can demonstrate * * * extraordinary circumstances [or unless an appeal from the judgment is pending], (R.C. 2307.60(A)(2).)
Ohio Legislative Service Commission, Final Analysis of Am.Sub.S.B. No. 117, at 3 (Dec. 14, 2006). The wording of R.C. 2307.60(A)(1) and (2) was not changed by 2008 Am.Sub.S.B. No. 184, so the language of those provisions as amended by Am.Sub.S.B. No. 117 remains in force today.

D. Consequences of a Particular Construction

1. Construction should not create a disparity in the treatment of victims of crime

{¶ 37} Appellants—Ellen C. Kaforey, Akron Children’s Hospital, and Cleveland Clinic Children’s Hospital for Rehabilitation—all argue in their respective briefs that R.C. 2307.60 does not independently authorize a civil action for damages caused by criminal acts. But construing R.C. 2307.60(A)(1) in the manner urged by appellants leads to an egregious result because it does not permit all crime victims who have been “injured in person or property” to have the same statutory right to “recover full damages.” Construing the statute in that manner means that the General Assembly intended for the victims of only certain crimes—such as theft, property damage, theft of cable services, and identity theft—to have a right of recovery- that is set forth in a specific statute other than R.C. 2307.60. See, e.g., R.C. 2307.61, 2307.62, and 2913.49. Following that logic, the General Assembly also did not intend for all victims of crime to enjoy the presumption of liability established in R.C. 2307.60(A)(2).
{¶ 38} Construing R.C. 2307.60 in this manner means that the victim of a theft offense enjoys a statutory right of full recovery and under certain conditions a presumption of liability against the criminal perpetrator, but a rape victim must bring a common-law-tort cause of action and thereafter re-prove during the civil trial the existence of the assault and battery and that the rapist was responsible for the assault and battery.
*409 {¶ 39} Conversely, construing R.C. 2307.60 as creating an independent civil cause of action for all victims who have been “injured in person or property” by a criminal act to be able to achieve “full recovery” and to be afforded a right to rely on the presumption of liability in accord with the provisions of R.C. 2307.60(A)(2) puts all victims of crime on an equal footing.

2. Construction should not render other provisions superfluous

{¶ 40} Moreover, construing R.C. 2307.60 as appellants urge—as a statute that authorizes only limited recovery—also renders meaningless or superfluous other provisions of the Revised Code, which is an outcome that we should avoid under the rules of statutory construction. See Rhodes v. New Philadelphia, 129 Ohio St.3d 304, 2011-Ohio-3279, 951 N.E.2d 782, ¶ 23.
{¶ 41} When a statute is ambiguous and relates to the same subject matter as another statute, we construe them in pari materia “to discover and carry out legislative intent.” Sheet Metal Workers’ Internatl. Assn., Local Union No. 33 v. Gene’s Refrig., Heating & Air Conditioning, Inc., 122 Ohio St.3d 248, 2009-Ohio-2747, 910 N.E.2d 444, ¶ 38, citing State ex rel. Ellis Super Valu, Inc. v. Indus. Comm., 115 Ohio St.3d 224, 2007-Ohio-4920, 874 N.E.2d 780, ¶ 13. This is true even if the related statutes were passed at different times. State ex rel. Pratt v. Weygandt, 164 Ohio St. 463, 132 N.E.2d 191 (1956), paragraph two of the syllabus.
{¶ 42} As set forth above, at the same time the General Assembly amended and renumbered former R.C. 1.16 to R.C. 2307.60 effective in 1985, it also enacted a new provision, R.C. 2307.61. Am.Sub.H.B. No. 426, 140 Ohio Laws, Part II, at 3787-3791. The first sentence of R.C. 2307.61(A) remains essentially the same today as when it was first enacted and continues to provide, “If a property owner brings a civil action pursuant to * * * section 2307.60 of the Revised Code ***."
{¶ 43} In 1986, the General Assembly codified the Dram Shop Act in R.C. 4399.18, which provided that “[notwithstanding section 2307.60 [of the Revised Code] and except as otherwise provided in this section * * *, no person * * * who suffers personal injury, death, or property damage as a result of the actions of an intoxicated person has a cause of action against any liquor permit holder * * * unless” certain conditions are met. Am.Sub.H.B. No. 759, 141 Ohio Laws, Part III, 5711.
{¶ 44} Since its original enactment, the General Assembly has amended R.C. 4399.18 on four occasions. Am.Sub.H.B. No. 350, 146 Ohio Laws, Part II, at 4009-4010; Sub.S.B. No. 108, 149 Ohio Laws, Part-1, at 488-489; Sub.S.B. No. 107, 149 Ohio Laws, Part I, at 1536-1537; Am.Sub.H.B. No. 306, 150 Ohio Laws, Part III, 3578, 3642-3643. The General Assembly has never amended R.C. *410 4399.18 to delete the phrase “[notwithstanding * * * section 2307.60” of the Revised Code.
{¶ 45} “Notwithstanding” is defined as “in spite of.” Webster’s Third New International Dictionary 1545 (1993). Therefore, within the statutory context of R.C. 4399.18, the term “notwithstanding” means that “in spite of’ the right to relief provided for in R.C. 2307.60 to recover damages for personal injury or property damage, R.C. 4399.18 places a limitation upon that right of recovery when damages are sought against a liquor-permit holder for the actions of an intoxicated person. See Brown v. Hyatt-Allen Am. Legion Post No. 538, 6th Dist. Lucas No. L-89-336, 1990 WL 174317 (Nov. 9, 1990); Aubin v. Metzger, 3d Dist. Allen No. 1-03-08, 2003-Ohio-5130, 2003 WL 22229400, ¶ 14; Gough v. The Galley, 11th Dist. Ashtabula No. 2005-A-0066, 2006-Ohio-3228, 2006 WL 1725973, ¶ 23.
{¶ 46} In 1995, the General Assembly enacted R.C. 2307.62. Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, 7236-7238. R.C. 2307.62(B)(1) provides:
An owner or operator of a cable service * * * who is aggrieved by conduct that is prohibited by division (B) of section 2913.04 or division (A) or (B) of section 2913.041 of the Revised Code may elect to commence a civil action for damages in accordance with division (A) of section 2307.60 or section 2307.601 of the Revised Code or to commence a civil action under this section in the appropriate * * * court * * *.
(Emphasis added.)
{¶ 47} After its original enactment, the General Assembly amended R.C. 2307.62 on two occasions. Sub.S.B. No. 107, 149 Ohio Laws, Part I, at 1534-1536; Am.Sub.H.B. No. 327, 149 Ohio Laws, Part IV, 7536, 7539-7546. The General Assembly has never amended R.C. 2307.62 to delete the provision giving an aggrieved party the option to bring a civil action pursuant to R.C. 2307.60.
{¶ 48} In 1999, the General Assembly enacted R.C. 2913.49, thereby making it a crime in Ohio to take the identity of another. Am.S.B. No. 7, 148 Ohio Laws, Part IV, 8193, 8193-8195. Since the original enactment, the General Assembly has amended R.C. 2913.49 on four occasions. Sub.H.B. No. 309, 149 Ohio Laws, Part IV, 8131, 8133-8135; Sub.H.B. No. 48, 151 Ohio Laws, Part II, 2851, 2852-2855; 2011 Am.Sub.H.B. No. 86; 2014 Am.Sub.H.B. No. 488.
{¶ 49} In 2014, the General Assembly added division (J) to R.C. 2913.49. 2014 Am.Sub.H.B. No. 488. R.C. 2913.49(J) provides:
*411 In addition to the [criminal] penalties described in division (I) of this section, anyone injured in person or property by a violation of [specified provisions of this statute] who is the owner of the identifying information involved in that violation has a civil action against the offender pursuant to section R.C. 2307.60 of the Revised Code.
(Emphasis added.)
{¶ 50} Finally, in conjunction with the amendment of R.C. 2913.49 in 2014, the General Assembly enacted R.C. 2307.611. 2014 Am.Sub.H.B. No. 488. R.C. 2307.611 specifically refers to the crime of identity theft in R.C. 2913.49 and provides that “[a] person who brings a civil action pursuant to division (A) of section 2307.60 of the Revised Code to recover damages * * * may recover up to five thousand dollars for each violation or three times the amount of actual damages, whichever is greater, and reasonable attorney’s fees.” (Emphasis added.)
{¶ 51} We presume that the legislature “knows the existing condition of the law, whether common law * * * or statute law.” Wachendorf v. Shaver, 149 Ohio St. 231, 248, 78 N.E.2d 370 (1948), citing State ex rel. Morris v. Sullivan, 81 Ohio St. 79, 90 N.E. 146 (1909); Norris v. State, 25 Ohio St. 217 (1874); Johnson v. Johnson, 31 Ohio St. 131 (1876); and S. Sur. Co. v. Std. Slag Co., 117 Ohio St. 512, 159 N.E. 559 (1927). So when the General Assembly amended R.C. 2307.60 in Am.Sub.S.B. No. 117, 151 Ohio Laws, Part II, at 2276, effective in 2007, and it deleted the last sentence of former R.C. 2307.60(A), one might conclude that it was the intention of the legislature to diminish the force of R.C. 2307.60 as the source of an independent cause of action. However, that conclusion is definitively rebutted when R.C. 2307.60(A)(1) is read in conjunction with R.C. 4399.18 and 2307.62. The legislature has never amended the relevant parts of those provisions, so the cause-of-action language in those statutes remains. Moreover, when R.C. 2913.49 was amended in 2011 and 2014 and when R.C. 2307.611 was enacted in conjunction with the amendment of R.C. 2913.49 in 2014, the legislature chose to use that same cause-of-action language. If it was the intention of the General Assembly to limit the force of R.C. 2307.60 as the source of an independent cause of action, then the legislature would have amended or would not have enacted these provisions of the Revised Code.
{¶ 52} Obviously, the General Assembly inserted the language that a person “has a civil action against the offender pursuant to” R.C. 2307.60 in R.C. 2913.49(J) and regarding “[a] person who brings a civil action pursuant to” R.C. 2307.60(A) “to recover damages” in R.C. 2307.611 “ ‘to accomplish some definite purpose.’ ” Wilson, 77 Ohio St.3d at 336, 673 N.E.2d 1347, quoting State ex rel. Cleveland Elec. Illum. Co., 169 Ohio St. at 479, 159 N.E.2d 756. Our “ultimate *412 inquiry in the interpretation of statutes is to ascertain the legislative intent.” Caldwell, 115 Ohio St. at 466, 154 N.E. 792. In so doing, we presume that the' General Assembly does not “ ‘do a vain or useless thing.’ ” Wilson at 386, quoting State ex rel. Cleveland Elec. Illum. Co. at 479. Based on the circumstances surrounding the original amendments that became effective in 1985, the former statutory provisions, and the compelling legislative history, it is clear that when the General Assembly recodified former R.C. 1.16 as R.C. 2307.60, it intended to create an independent civil cause of action for any crime victim injured in person or property. Furthermore, the fact that the General Assembly has never changed the key language of R.C. 2307.60 at issue in this case and the consequences of interpreting R.C. 2307.60 as not creating an independent civil cause of action demonstrate that the original intention expressed by the General Assembly in the legislation that became effective in 1985 continues today.
II. Appellants’ Reliance on Court Decisions Is Misplaced
{¶ 53} Appellants principally rely on six court decisions from 1995 and after to support the position that R.C. 2307.60 does not create an independent civil cause of action. However, appellants’ reliance on these decisions is misplaced.
{¶ 54} First, none of these decisions engaged in a meaningful analysis of R.C. 2307.60. Second, five of the six decisions relied on precedent that predates the amendments to R.C. 2307.60 that became effective in 1985—precedent that the General Assembly consciously repudiated when enacting the modern version of R.C. 2307.60 in that legislation. Third, the sixth decision stated a conclusion of law without citing any supporting authority.
{¶ 55} As set forth above, the General Assembly did not merely renumber R.C. 1.16 in the legislation that became effective in 1985 as R.C. 2307.60. Am.Sub.H.B. No. 426, 140 Ohio Laws, Part II, at 3787. The General Assembly also significantly modified the language of the statute.
{¶ 56} As established in the previous discussion in this opinion of the legislative history, the reason for the amended language was that the General Assembly intended to create an independent civil cause of action for any person injured in person or property as the result of a crime. The legislative history also reveals that the legislature was consciously repudiating the established precedent of Story, 4 Ohio 376; Howk, 19 Ohio St. 462; Schmidt, 62 Ohio App.2d 48, 403 N.E.2d 1026; and Peterson, 5 Ohio App.3d 203, 451 N.E.2d 1236, to the extent that the common law and the previous versions of the statute had been judicially interpreted to not have that effect.
{¶ 57} The significance of the historical metamorphosis of R.C. 2307.60 cannot be overlooked. Had the court decisions that appellants rely on analyzed the *413 language of the statute and traced the historical progression, as suggested by the rules of statutory construction, they would have recognized the intention of the General Assembly to change the previous law and to repudiate the precedents on which those decisions based their conclusions. Instead the courts in the cases cited by appellants either relied on case law that the legislature had abrogated, as indicted by the legislative history of R.C. 2307.60, or cited no authority at all.
{¶ 58} In Applegate v. Weadock, the court cited Schmidt for the proposition that R.C. 2307.60 is merely a codification of the common law that a civil action does not merge with a criminal action. Applegate, 3rd Dist. Auglaize No. 2-95-24, 1995 WL 705214, *3 (Nov. 30, 1995).
{¶ 59} The Tenth District in Edwards v. Madison Twp. cited Schmidt for the same' proposition as the Applegate court and then cited Story and Peterson as supporting authority. Edwards, 10th Dist. Franklin No. 97APE06-819, 1997 WL 746415, *7 (Nov. 25, 1997).
{¶ 60} McNichols v. Rennicker cited Peterson, Edwards, and Applegate for the proposition that R.C. 2307.60 does not create an independent cause of action and cited Schmidt for the proposition that R.C. 2307.60 is only a codification of the common law that a civil action does not merge with a criminal action. McNichols, 5th Dist. Tuscarawas No. 2002 AP 04 0026, 2002-Ohio-7215, 2002 WL 31883700, ¶ 17.
{¶ 61} In Collins v. Natl. City Bank, the court, without citing any authority, held that the trial court did not err in dismissing Collins’s claim for damages pursuant to R.C. 2307.60 because “R.C. 2307.60 creates no actionable prohibition, being only a jurisdictional statute * * *.” 2d Dist. Montgomery No. 19884, 2003-Ohio-6893, 2003 WL 22971874, ¶ 46.
{¶ 62} The federal district court in Jasar Recycling, Inc. v. Major Max Mgt. Corp. cited Peterson for the proposition that R.C. 2307.60 merely codifies the common law that civil and criminal actions do not merge and that a separate cause of action is not created. Jasar Recycling, N.D.Ohio No. 4:08CV2830, 2010 WL 395212, *7 (Jan. 22, 2010). As supporting authority in addition to Peterson, the court cited Peters v. Mabini, 8th Dist. Cuyahoga No. 73373, 1998 WL 474175, *2 (Aug. 13, 1998). Jasar Recycling at *7. The court in Peters stated in a footnote that some courts have found that R.C. 2307.60 does not create a cause of action, citing Peterson, Schmidt, and Edwards. In further support of its conclusion, the court in Jasar Recycling cited two federal cases, Replogle v. Montgomery Cty., S.D.Ohio No. 3:09-CV-102, 2009 WL 1406686 (May 19, 2009), and Prior v. Mukasey, N.D.Ohio No. 3:08CV994, 2008 WL 5076821, *3 (Nov. 21, 2008). The court in Prior, however, relied on Peterson, and the court in Replogle relied on Edwards, while also including a quotation from Edwards that cited Schmidt, Story, and Peterson.
*414 {¶ 63} In Groves v. Groves, the Tenth District Court of Appeals cited as supporting authority McNichols, Edwards, Applegate, and Guardianship of Newcomb v. Bowling Green, 36 Ohio App.3d 235, 241, 523 N.E.2d 354 (6th Dist.1987), for the proposition that R.C. 2307.60 merely codifies the common-law rule that a civil action and a criminal act do not merge and that R.C. 2307.60 does not create a cause of action. Groves, 10th Dist. Franklin No. 09AP-1107, 2010-Ohio-4515, 2010 WL 3722641, ¶ 25. The court in Newcomb, however, relied on Peterson as its controlling authority. See Newcomb at 241.
{¶ 64} Appellants fail to explain how these court decisions have any prece-dential value when it is clear that the General Assembly specifically repudiated the holdings in the cases that the decisions relied on when it enacted the modern version of R.C. 2307.60 that became effective in 1985.
{¶ 65} Moreover, appellants do not address the failure of the courts in Edwards and Groves to address or distinguish the reasoning of the Tenth District that was stated in Tomas v. Nationwide Mut. Ins. Co., 79 Ohio App.3d 624, 607 N.E.2d 944 (10th Dist.1992). In Tomas, the appellate court affirmed the dismissal of the plaintiffs claim of intentional spoliation of evidence on the ground that the plaintiffs evidence supporting the spoliation allegation was “too tender a reed upon which to base a claim for relief.” Id. at 633. In affirming the dismissal of the claim, the court stated:
Arguably, [the tampering-with-evidence statute, R.C. 2921.12], coupled with R.C. 2307.60, does create a civil action for intentional spoliation of evidence. Moreover, R.C. 2307.61 seems more specifically to create such an action for willful damage of another’s property, for which recovery may be had “in addition to the value of the property, any other loss sustained as a result of the willful damage.”
Id. at 632, quoting former R.C. 2307.61(A)(1), 140 Ohio Laws, Part II, at 3787.
III. The General Assembly’s Public-Policy Decision to Authorize Specific Recovery in Some Related Provisions of the Revised Code Does Not Diminish the Clause in R.C. 2307.60(A)(1) Authorizing an Independent Civil Cause of Action
{¶ 66} In support of their position, appellants discuss several statutes in which the General Assembly has authorized civil causes of action for the violation of specific criminal statutes. For example, appellant Cleveland Clinic Children’s Hospital for Rehabilitation states in its merit brief:
*415 The legislature has clearly set forth civil causes of action for certain crimes as noted herein. If R.C. § 2307.60 were interpreted to provide for civil causes of action for violation of all criminal statutes, [other] statutes * * * would be rendered meaningless, and in contradiction of long standing Ohio Law.
Appellants’ assertion that one enactment by the General Assembly precludes the effectiveness of another enactment in this way is without any basis in law.
{¶ 67} “[0]ur role, as members of the judiciary, requires fidelity to the separation-of-powers doctrine.” State v. South, 144 Ohio St.3d 295, 2015-Ohio-3930, 42 N.E.3d 734, ¶ 28 (O’Connor, C.J., concurring). Therefore, “we must respect that the people of Ohio conferred the authority to legislate solely on the General Assembly.” Id., citing Sandusky City Bank v. Wilbor, 7 Ohio St. 481, 487-488 (1857), and Article II, Section 1, Ohio Constitution.
{¶ 68} As this court stated in Stetter v. R.J. Connan Derailment Servs., L.L.C., 125 Ohio St.3d 280, 2010-Ohio-1029, 927 N.E.2d 1092, ¶ 35:
It is not the role of the courts “to establish legislative policies or to second-guess the General Assembly’s policy choices. ‘[T]he General Assembly is responsible for weighing [policy] concerns and making policy decisions * * *.’ ” Groch v. Gen. Motors Corp., 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 212, quoting Arbino [v. Johnson & Johnson], 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, at ¶ 113.
{¶ 69} In the version of R.C. 2307.60 that became effective in 1985, the General Assembly made a conscious policy decision to enact legislation that would contravene the decisions in Story, 4 Ohio 376; Howk, 19 Ohio St. 462; Schmidt, 62 Ohio App.2d 48, 403 N.E.2d 1026; and Peterson, 5 Ohio App.3d 203, 451 N.E.2d 1236. Simultaneously, the General Assembly also made the policy decision to recodify R.C. 1.16 as R.C. 2307.60 and to “statutorily create civil actions for personal injuries or property loss or damage resulting from a criminal act.” (Underlining sic; emphasis added.) Ohio Legislative Service Commission, Bill Analysis of Am.H.B. No. 426, as passed by the House of Representatives on Feb. 21, 1984, at 1.
{¶ 70} While authorizing a new source of independent civil causes of action in R.C. 2307.60, the legislature also enacted R.C. 2307.61. Am.Sub.H.B. No. 426, 140 Ohio Laws, Part II, at 3787-3791. As set forth above, current R.C. 2307.61(A) continues to provide that “[i]f a property owner brings a civil action pursuant to” R.C. 2307.60 for the willful damage of property or for theft, the *416 property owner can recover damages as specified. Other provisions in R.C. 2307.61 set forth in great detail how damages and other forms of relief can be pursued.
{¶ 71} Similarly, in R.C. 2307.62 and 2307.611 the General Assembly has enacted provisions that permit an additional amount of recovery. Under R.C. 2307.62(B)(1)(b), if an aggrieved owner or operator of a cable service brings a civil action for damages pursuant to R.C. 2307.60, the owner or operator is entitled to recover the profits made by the person who committed the violation. Under R.C. 2307.611, if a person “brings a civil action pursuant to” R.C. 2307.60, the victim of identity theft may recover “up to five thousand dollars for each violation or three times the amount of actual damages, whichever is greater, and reasonable attorney’s fees.”
{¶ 72} The General Assembly’s policy decisions to enact specific provisions that afford the victims of certain crimes a different or greater recovery than the victims of other crimes is clearly within the policymaking province of the General Assembly. See Stetter, 125 Ohio St.3d 280, 2010-Ohio-1029, 927 N.E.2d 1092, at ¶ 35. And we have no authority to second-guess those decisions. Id. The statutory disparities in the recovery available to some crime victims do not diminish the force of the General Assembly’s clearly stated intention that R.C. 2307.60 creates an independent civil cause of action for anyone who is the victim of a criminal act, unless that cause of action is “specifically excepted by law.” R.C. 2307.60(A)(1).
IY. Appellants’ Discussion of the Wrongful-Death Statute Is Flawed
{¶ 73} Lastly, appellants cite the reasoning stated in dissent in this case below, 2015-Ohio-2624, 39 N.E.3d 799, ¶ 37 (Carr, P.J., concurring in part and dissenting in part), in support of their arguments that R.C. 2307.60 does not create an independent civil cause of action. For example, appellant Cleveland Clinic Children’s Hospital for Rehabilitation states in its merit brief:
The Ninth District’s decision creates further uncertainty as it relates to finality of judgments/settlements, as set forth in the dissenting opinion * * *. Specifically, the dissent noted that the majority position conflicted with prior Ohio law as it relates to the cause of action for wrongful death.
However, this contention is without any basis in the law.
{¶ 74} An action for wrongful death did not exist at common law. Sabol v. Pekoc, 148 Ohio St. 545, 549, 76 N.E.2d 84 (1947). If a personal-injury plaintiff died before the trial, “the action abated.” Id. The first Ohio act that permitted a personal representative to file a wrongful-death claim was enacted in 1851. Id., *417 citing 49 Ohio Laws 117. Today, the statutory cause of action for wrongful death is set forth in R.C. Chapter 2125.
{¶ 75} R.C. 2125.02(A)(1) permits the recovery by a personal representative for the wrongful death of a decedent “[w]hen the death of a person is caused by wrongful act, neglect, or default which would have entitled the party injured to maintain an action and recover damages” under R.C. 2125.01. The key to these provisions is that recovery inures to the “personal representative.” R.C. 2125.02(A)(1).
{¶ 76} Conversely, the cause of action that arises pursuant to R.C. 2307.60 inures to the injured party. R.C. 2307.60(A)(1) provides that “[ajnyone injured in person or property by a criminal act” has a civil action, unless excepted by law. (Emphasis added.) The plain language of the statute demonstrates that it is only the injured person who has a cause of action pursuant to R.C. 2307.60. As this court has said, the wrongful-death statute “is the sole source of the right upon which the petition” for wrongful death is based. Sobol at 552. Therefore, recognizing a cause of action for living injured persons under R.C. 2307.60 does not displace the wrongful-death statute as the “sole source” of the right to sue for recovery for a death caused by a wrongful act.
V. Conclusion
{¶ 77} The wording of R.C. 2307.60(A)(1) at issue in this case is ambiguous. After consideration of the factors set forth in R.C. 1.49, it is clear that R.C. 2307.60 does create an independent civil cause of action. Therefore, I would answer the certified question in the affirmative and affirm the judgment of the Ninth District Court of Appeals, albeit on different grounds from those of the majority.
Jensen, J., concurs in the foregoing opinion.